[L. A. No. 6060.  Department Two.—June 9, 1920.]

THE CALIFORNIA NATIONAL SUPPLY COMPANY (a Corporation), Respondent, v. C. L. FLACK et al., as Trustees, etc., Appellants.

[1] CORPORATIONS—EXECUTION OF NOTE BY PRESIDENT AND SECRETARY—PAYMENT ON ACCOUNT BY CORPORATION—RATIFICATION.—In an action to recover on a promissory note executed on behalf of a corporation by its president and secretary, the refusal to permit evidence of the lack of authority of such officers to execute the note is not erroneous, where it is admitted that several months after the execution the corporation made a payment on the note, since such payment constituted a ratification.

[2] ID.—FAILURE TO PAY CORPORATE TAXES—JUDGMENT AGAINST CORPORATION—ACTION AGAINST DIRECTORS—PREVIOUS JUDGMENT NOT A BAR.—A judgment obtained against a corporation in an action on a promissory note after the corporation has failed to pay its taxes is not a bar to a subsequent action against the directors as trustees, since such nonpayment *ipso facto* terminates the corporate existence.

[3] ID.—FORFEITURE OF CHARTER—SUBSEQUENT JUDGMENT VOID.—A judgment rendered against a defunct corporation in an action brought after the forfeiture of its charter is void.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dockweiler & Mott and Albert M. Cross for Appellants.

Flint & Jutten and H. S. MacKay, Jr., for Respondent.

WILBUR, J.—This is an action brought upon a promissory note executed on behalf of the corporation by the president and secretary of the Gate City Oil Company to recover from the directors of that corporation, acting as trustees, after the forfeiture of the corporate charter for nonpayment of the license and franchise tax. The plaintiff recovered judgment and two of the defendants appeal. The note sued on was given in renewal of notes executed for the purchase price of supplies furnished by the plaintiff to the defunct corporation. Only two points are presented on the appeal: First, that the court erred in refusing to

permit evidence of the lack of authority of the president and secretary to execute the note in question; second, that an action had been previously brought upon the same note against the Gate City Oil Company, and that the judgment therein obtained against that company for the amount thereof was a bar to this action. [1] As to the first point it is sufficient to say that it is admitted that several months after the execution of the note the corporation paid $250 on account thereof. Such payment constituted a ratification thereof, and that therefore the question of the previous authority on the part of the president and secretary to execute the same becomes immaterial. (10 Cyc. 1081.) The second point depends upon the legal effect of the failure to pay the corporate taxes. The statutes of 1915 provide that the failure to pay the corporate license tax *ipso facto* terminates the corporate existence and that the forfeiture occurs on the Saturday preceding the first Monday in March (i. e., March 4, 1916), at 6 o'clock P. M. (Stats. 1915, secs. 7, 10, 12, pp. 422, 425, 426. See *Rossi* v. *Caire,* 174 Cal. 74, 81, [161 Pac. 1161]; *Keyser Land and Fruit Co.* v. *Curry,* 155 Cal. 638, 648, [103 Pac. 341]; *Lewis* v. *Curry,* 156 Cal. 93, 96, [103 Pac. 493]; *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 380, [128 Pac. 1040].) The provision requiring the Governor to issue a proclamation of such default and forfeiture is not contained in the license tax law, but in the law taxing corporate franchises (Stats. 1913, p. 7, sec. 24) and only applies to forfeitures for the nonpayment of the taxes on franchises. In either event the dissolution of the corporation is effected by operation of law because of such nonpayment and not by proclamation. The case of *Kehrlein-Swinerton Con. Co.* v. *Rapken,* 30 Cal. App. 11, [156 Pac. 972], relied upon by appellant to establish the necessity of the Governor's proclamation to establish or create the forfeiture of the charter, has no application to the facts here, for that decision construed the act of 1905, which provided that the forfeiture occurred sixty days after the proclamation (Stats. 1905, p. 493, sec. 5), and, hence, properly held that proof of the proclamation was an essential element in establishing such forfeiture. [2] Therefore, the prior action upon the note, begun March 10, 1916, was not saved by the proviso of the statute permitting the prosecution to judgment of actions pending at the time of

forfeiture (Stats. 1915, p. 427, sec. 13), notwithstanding the fact that the Governor's proclamation was not made until March 28, 1916. **[3]** A judgment rendered against a defunct corporation in an action brought after the forfeiture of its charter is void. (*Crossman* v. *Vivienda Water Co.,* 150 Cal. 575, 585, [89 Pac. 335]; *Rowe* v. *Superior Court,* 165 Cal. 708, 712, [134 Pac. 190]; *Newhall* v. *Western Zinc Min. Co., supra.*) The prior judgment, therefore, was not a bar to the present action.

The judgment is affirmed.

Sloane, J., and Lennon, J., concurred.