(No. 4550.   March 28, 1927.)

## FERGUSON FRUIT AND LAND COMPANY, a Corporation, Appellant, v. I. G. GOODDING and MAUDE E. GOODDING, Husband and Wife, Respondents.

[258 Pac. 557.]

CORPORATIONS—EVIDENCE—ANNUAL LICENSE—PROOF OF FORFEITURE FOR FAILURE TO PAY—DEED EXECUTED AFTER FORFEITURE HELD NOT VOID—PURCHASE OF LAND AFTER FORFEITURE—ESTOPPEL—DELINQUENCY FOR FAILURE TO PAY TAX—EFFECT.

1.   Under C. S., secs. 4782, 4784, 4785, 4786, 4787, 4788 and 4789, relative to annual fees of corporations and forfeiture for failure thereof, the forfeiture of a domestic corporation for failure to pay annual license tax can only be proven by introducing in evidence the original proclamation by the Governor, or certified copy thereof, and proof of its publication particularly where record fails to show publication of proclamation, even if judicial notice could be taken thereof under C. S., sec. 7933, subd. 3.

2.   Deed executed by domestic corporation after forfeiture for failure to pay annual license fees required by C. S., sec. 4782, in name of corporation by persons attempting to act as such officers before rehabilitation of charter under sec. 4787, *held* not void in view of sec. 4790 constituting managers, officer or directors trustees with full power to settle corporate affairs.

3.   Purchasers of land from corporation after forfeiture of charter for failure to pay license tax required by C. S., sec. 4782, having dealt with corporation in executing mortgage securing portion of purchase money, are estopped in action to foreclose it to deny that they dealt with corporation as such, or deny it was a corporation when mortgage was entered into.

ON PETITION FOR REHEARING.

4. A corporation does not by becoming delinquent for failure to pay annual license tax required by C. S., sec. 4782, die as does a natural person or a corporation whose term of existence has terminated, but is rather in a state of suspended animation, from which condition can be relieved by paying penalties as provided by sec. 4787.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to foreclose mortgage on real estate. Judgment for defendants. *Reversed and remanded.*

Stephens & North, for Appellant.

Forfeiture of charter of domestic corporation can be proven only by introduction of original proclamation of Governor or a certified copy thereof, and by proof of publication thereof in each of two newspapers of general circulation within the state. (C. S., secs. 4784, 4785; *Kehrlein-Swinerton Const. Co. v. Rapken,* 30 Cal. App. 11, 156 Pac. 972; 5 Thompson on Corporations, 2d ed., pp. 1327–1329; *William-Wilson Co. v. Trainor,* 27 Cal. App. 43, 148 Pac. 954; *Alaska Salmon Co. v. Standard Box Co.,* 158 Cal. 567, 112 Pac. 454.)

A deed to property made by a corporation after it had forfeited its charter by reason of failure to pay its annual license tax is not void. (C. S., secs. 4781–4787, 4789; *Moore v. Boise Land & Orchard Co., Ltd.,* 31 Ida. 390, 173 Pac. 117; *Ohio Nat. Bank v. Central Const. Co.,* 17 App. D. C. 524.)

A person in possession of real estate under a deed made by a corporation while its charter is forfeited for nonpay-

Publisher's Note.

See Corporations, 14 C. J., sec. 274, p. 247, n. 94. 14a C. J., sec. 3803, p. 1150, n. 98; sec. 3815, p. 1158, n. 10; sec. 3821, p. 1161, n. 70 New; sec. 3901, p. 1206, n. 24 New; sec. 3903, p. 1206, n. 30.

Evidence, 22 C. J., sec. 1276, p. 1003, n. 10.

ment of annual license tax and who has given the corporation a mortgage to secure payment of part of the purchase price is estopped from denying validity of such mortgage. (*Moore v. Boise Land & Orchard Co., Ltd., supra; Grangers' Business Assn. of California v. Clark*, 67 Cal. 634, 8 Pac. 445; *Fresno Canal & Irr. Co. v. Warner*, 72 Cal. 379, 14 Pac. 37; *Bank of Shasta v. Boyd*, 99 Cal. 604, 34 Pac. 337; *Raphael Weill & Co. v. Crittenden*, 139 Cal. 488, 73 Pac. 238; *Bashford-Burmister Co. v. Agua Fria Copper Co.* (Ariz.), 35 Pac. 983; *Kelleher v. Denver Music Co.*, 48 Colo. 212, 109 Pac. 860; *Lynch v. Perryman*, 29 Okl. 615, Ann. Cas. 1913A, 1065, 119 Pac. 229; *California Fruit Exchange v. Buck*, 163 Cal. 223, 124 Pac. 824; *Grande Ronde Lumber Co. v. Cotton*, 12 Colo. App. 375, 55 Pac. 610; *Francis v. Western Screen Co.*, 22 Cal. App. 32, 133 Pac. 327; *Cowell v. Colorado Springs Co.*, 100 U. S. 55, 25 L. ed. 547; 11 Thompson on Corporations, 2d ed., p. 1940.)

Bothwell & Chapman, for Respondents.

The forfeiture of appellant's charter was sufficiently proven. (*Kaiser Fruit & Land Co. v. Curry*, 155 Cal. 638, 103 Pac. 341; *Alaska Salmon Co. v. Standard Box Co.*, 158 Cal. 567, 112 Pac. 454; *William-Wilson Co. v. Trainor*, 27 Cal. App. 43, 148 Pac. 954; *Kehrlein-Swinerton Const. Co. v. Rapken*, 30 Cal. App. 11, 156 Pac. 972; *Rossi v. Caire*, 186 Cal. 544, 199 Pac. 1042; *California Nat. Supply Co. v. Flack*, 183 Cal. 124, 190 Pac. 634; *Van Landringham v. United Tuna Packers*, 189 Cal. 353, 208 Pac. 973; C. S., secs. 4782, 4784, 4785, 4786, 4788, 7933; *Williams v. Sherman*, 35 Ida. 169, 21 A. L. R. 353, 205 Pac. 259; 36 Ida. 494, 212 Pac. 971; *State v. Eagleson*, 32 Ida. 280, 181 Pac. 935; *In re Segregation of School District*, 34 Ida. 222, 200 Pac. 138; *Meservy v. Gulliford*, 14 Ida. 133, 181 Pac. 935; *Bruce v. Frame*, 39 Ida. 29, 225 Pac. 1024.)

A deed to property made by a corporation after the forfeiture of its corporate charter through nonpayment of the annual license fee is void. (*Rowe v. Stevens*, 25 Ida. 237, at

254, 137 Pac. 159; *Holter v. Hauser,* 33 Ida. 406, 195 Pac. 628; *Sharp v. Eagle Lake Lbr. Co.,* 60 Cal. App. 386, 212 Pac. 933; *Slayden v. O'Dea,* 182 Cal. 500, 189 Pac. 1066; *Brandon v. Umpqua Lbr. Co.,* 166 Cal. 322, 136 Pac. 62; *Newhall v. Western Zinc Min. Co.,* 164 Cal. 380, 128 Pac. 1040; *Crossman v. Vivienda Water Co.,* 150 Cal. 575, 89 Pac. 335; C. S., secs. 4790–4792.)

Respondents were not estopped to deny validity of mortgage. (C. S., sec. 4789; *School Dist. No. 8 v. Twin Falls etc. Co.,* 30 Ida. 400, 164 Pac. 1174; *Deer Creek Highway Dist. v. Doumecq Highway Dist.,* 37 Ida. 601, 218 Pac. 371).

VARIAN, Commissioner.—This is an action to foreclose a mortgage on certain real estate situate in Twin Falls county. Appellant, a domestic corporation, sold the land covered by the mortgage to respondents who gave their notes, secured by the mortgage, for part of the purchase price. The first note, and interest for one year, was paid. Eight months after respondents failed to pay the second note and the interest due for that year, appellant elected to consider the whole amount due and commenced foreclosure.

The answer denies that appellant is a corporation "duly or regularly organized" under the laws of Idaho; that the notes sued on were executed, or delivered, or were for a valuable consideration; admits the execution of the notes and mortgage. That appellant is the legal owner or holder of the notes or mortgage, or that the mortgage was delivered, is denied.

The court found that appellant's charter had been forfeited; that the notes and mortgage, though executed by respondents, had not been delivered; that appellant is not now the legal owner of the notes and mortgage; that the interest has been paid up to November 8, 1920; that defendants have not paid the note due November 8, 1921, nor any interest; that appellants could not legally exercise the option to declare the mortgage and notes due and payable; that respondents had made certain payments set forth in their answer, and other payments, the last being for $82.40

on December 1, 1921; that appellant's charter was duly forfeited on December 2, 1918; that it had no charter to do business when the notes and mortgage were executed, and the same are absolutely void; that respondents went into possession and remained in possession thereof during the years 1920, 1921, 1922 and 1923; that respondents have rescinded and tendered possession of such title as they may have received to appellant. The court found certain sums due respondents under the contract and deed, decreed rescission and that respondents' have an equitable lien on the land for the difference between the sum due it and the reasonable rental value of the land during the time they were in possession.

Appellant makes seventeen assignments of error which respondents contend are insufficient to raise the questions urged. The brief groups the assignments under three heads, which seem to be sufficiently stated to raise the questions sought to be reviewed (*McKinlay v. Javan Mines Co.*, 42 Ida. 770, 248 Pac. 473), which will be considered in their order.

[1] It is first contended that the forfeiture of a domestic corporation for failure to pay the annual license tax can only be proven by introducing in evidence the original proclamation by the Governor, or certified copy thereof, and proof of its publication in two newspapers having general circulation within the state. At the trial, over objection of appellants, respondents were permitted to introduce, with leave to substitute certified copies thereof, appellant's articles of incorporation, certified copy by the Secretary of State of the list of corporations whose charters forfeited on December 2, 1918, and a certified copy of the certificate of the Secretary of State showing restoration of appellant to its corporate rights on December 28, 1920, being documents in the office of the county recorder of Twin Falls county. Respondents then offered "the original files in the office of the Governor of the State of Idaho, being the original proclamation" made December 2, 1918, and asked permission to substitute certified copy thereof. The offer was admitted

over objection. The Secretary of State, under date of March 13, 1926, certified to a copy of the proclamation. Neither the original proclamation, nor a certified copy thereof, was before the trial court at any time before rendering decision and judgment in this case.

The statutes applicable to this case are contained in chapter 6 of the laws of 1912. They have been embodied in the Compiled Statutes 1919. In mentioning the provisions of the law, reference will be made to the sections of the Compiled Statutes 1919.

Section 4782 requires certain fees to be paid annually, on July 1st of each year, to the Secretary of State, by domestic and foreign corporations doing business within the state, for a license authorizing them to transact business in Idaho "from and including the first day of July to and including the 30th day of June next thereafter." This tax becomes delinquent on September 1st, if not paid, and a penalty of $10 is added thereto for such delinquency.

Section 4784 reads as follows:

"Delinquent Corporations: Proclamation of Forfeiture. The Secretary of State shall, on or before the 1st day of October in each year, report to the Governor of the state, a list of all corporations which have become delinquent in the payment of the license tax provided in section 4782 of this chapter, and the Governor shall forthwith issue his proclamation declaring under this chapter that the charters of such delinquent corporations will be forfeited, and the right of such foreign corporation to do business in this state will be forfeited, unless payment of the said license tax, together with the penalty for such delinquency, as hereinbefore provided, be made to the Secretary of State, on or before the hour of 4 o'clock p. m. on the 30th day of November next following."

Section 5785:

"Same: Publication of Proclamation. Said proclamation shall be filed immediately in the office of the Secretary of State, and said Secretary of State shall immediately cause a copy of said proclamation to be published in one issue of

each of two newspapers of general circulation, to be selected by the Secretary of State.''

Section 4786 provides that on "the 30th day of November of each year, the charters of all delinquent corporations which have failed to pay the said license tax, together with said penalty for such delinquency, shall be forfeited to the state of Idaho.''

Section 4788 requires the Secretary of State to make a list of all corporations that have forfeited their charters each year, and transmit a certified copy of the same before December 31st to each county recorder.

Section 4787 provides that any corporation which has forfeited its charter for failure to pay the license tax, which shall pay all the license taxes and penalties prescribed by sec. 4782,—"shall be relieved from the forfeiture prescribed by this chapter," and all persons exercising the powers of such corporation shall be relieved of the penalties prescribed by the provisions of sec. 4789 making it unlawful for any delinquent corporation to transact any business while so delinquent, and making it a misdemeanor, punishable by fine or imprisonment, for any person to exercise any of the powers of such delinquent corporation while delinquent.

It will be observed that the statutes require every domestic corporation to pay a license tax annually for the privilege of doing business in the state of Idaho; the tax is due July 1st, and becomes delinquent September 1st, when a penalty attaches. It is the duty of the Secretary of State, to whom the fees are payable, to report a list of all delinquent corporations to the Governor on or before October 1st, "and the Governor shall forthwith issue his proclamation, declaring under this chapter that the charters of such domestic corporation under this charter will be forfeited," etc., *unless* the payment of the license tax and penalty be made on or before November 30th next following. The proclamation is required to be filed in the office of the Secretary of State, and a copy thereof published once in two newspapers having general circulation.

From a reading of these sections of the statute, it is plain that the legislature intended that a forfeiture should not arise by mere operation of law. The proclamation is a declaration of forfeiture, effective as of the thirtieth day of November following, of which notice is required to be given by its publication. The evident legislative intent was to give delinquent corporations a last chance to avoid the drastic consequences of failure to pay the license tax. The proclamation by the Governor and its publication as required by C. S., secs. 4784 and 4785, are two essential steps in the forfeiture proceedings under the statutes. Even if, as contended by respondents, judicial notice may be taken of the issuing of the proclamation (C. S., sec. 7933, subd. 3), the record fails to show that it was ever published.

The supreme court of California, construing somewhat similar statutes, had held that on a mere failure to pay the tax, without the proclamation of the Governor and acts to be performed by the Secretary of State, a forfeiture does not result. (*Alaska Salmon Co. v. Standard Box Co.* (on rehearing), 158 Cal. 567, 112 Pac. 455.) That court has also held that the proclamation should be proved by the original or certified copy, and not by the certificate of the Secretary of State reciting the contents thereof. (*Kehrlein-Swinnerton Const. Co. v. Rapken*, 30 Cal. App. 11, 156 Pac. 972.)

[2] It is urged that the deed to respondents was void because made after forfeiture and before rehabilitation of appellant's charter. The deed was executed in the name of the corporation by persons attempting to act as its officers, to wit: vice-president and secretary, respectively. It is not alleged, nor contended, that either of these individuals acted fraudulently, or in bad faith, or that the moneys paid by respondents were not in fact received by appellant and applied to its use. It is contended that they made a deed without authority, but under the circumstances of this case the deed was not altogether void. Both parties apparently acquiesced in what had been done, or attempted to be done, for more than two years. Appellant had received the purchase price named in the deed, and could not have been heard, at any

time, to deny the deed was valid; and under all the circumstances here, appellant, its officers, stockholders and those claiming under it, were estopped to attack the deed upon the ground that its charter had expired, or had been forfeited, when it was executed. (1 Fletcher's Cyclopedia on Corporations, sec. 330; *Bergh v. Pennington*, 33 Ida. 726, 198 Pac. 158.)

It is finally contended that respondents are estopped from denying the validity of their mortgage in this action to foreclose it.

The record shows that respondents went into possession of the mortgaged premises in November, 1919, and remained continuously in possession until the date of the trial in April, 1923; that on June 3, 1920, a warranty deed, dated January 30, 1920, purporting to convey the premises to them, subject to the lien of 1920 taxes, was placed of record; that they mortgaged the premises to the Federal Land & Securities Company on May 20, 1920, to secure their note for $8,000; that the cash proceeds of said loan were paid by them to appellant; that the contract price for the mortgaged premises to respondents was $22,000, of which sum $5,000 was paid in cash, $8,000 cash received as above stated, and the balance of $9,000 by executing five promissory notes for the principal sums of $1,500 maturing November 8, 1920, $2,000 maturing November 8, 1921, $2,000 maturing November 8, 1922, $2,000 maturing November 8, 1923, and $1,500 maturing November 8, 1924. Respondents paid the note and all interest falling due on the mortgage debt in 1920, together with the interest on the $8,000 note to the Federal Land & Securities Company, the maintenance charges for irrigation water used during the years 1920, 1921 and 1922, and the taxes for the year 1920.

On December 28, 1920, appellant was relieved of its forfeiture "without prejudice to any action or defense that accrued by reason of the original forfeiture" under the provisions of C. S., sec. 4787, and up to the time of the trial was authorized to do business.

The means of knowledge of appellant's status was at all times open to respondents, being matters of record. Nevertheless, they remained in possession of the land, exercising rights of ownership therein, farming it, and paying maintenance charges long after appellant's rehabilitation.

[3] We are of the opinion that respondents, having dealt with appellant as a corporation in executing the mortgage, are now estopped, in an action to foreclose it, from denying that they dealt with appellant as a corporation, or to .deny it was a corporation when the mortgage was entered into. (1 Fletcher's Cyclopedia on Corporations, secs. 330, 334; 14 C. J., p. 247, sec. 274; *Toledo Computing Scale Co. v. Young,* 16 Ida. 187, 101 Pac. 257.)

Respondents contend they are not estopped to deny the validity of their mortgage to appellant because an estoppel cannot be invoked in aid of a contract expressly prohibited by a constitutional or statutory provision, citing *School Dist. No. 8 v. Twin Falls Co. Mutual Fire Ins. Co.,* 30 Ida. 400, 164 Pac. 1174; *Deer Creek Highway Dist. v. Doumecq Highway Dist.,* 37 Ida. 601, 218 Pac. 371. In these cases the contract of the municipal corporations involved were wholly beyond their power to make; they were void; while in the instant case, appellant could make the contract and accept the mortgage but for its disability because of the forfeiture of its charter, which disability had been removed long before objection thereto was made by the mortgagors.

The statute (C. S., sec. 4789), declares:

"It shall be unlawful for any corporation delinquent under this chapter . . . . to exercise the powers of such corporation, or to transact any business. . . . . " and that "Each and every person who exercises any of the powers of a corporation so delinquent . . . . , or who transacts any business for or on behalf of such corporation . . . . , shall be guilty of a misdemeanor."

The persons who negotiated the mortgage with respondents were acting on behalf of the corporation. They were transacting the business for it.

It should be borne in mind that no objection to appellant's status was raised by any of the parties until long after its rehabilitation. The contract itself not being void, it comes fairly within the rule laid down in 14 C. J., p. 247, *supra*.

In view of the fact that counsel stipulated that the court might fix the attorney's fee if foreclosure was granted, a new trial will not be necessary.

We recommend, therefore, that the judgment be reversed and the cause remanded, with instructions to fix a reasonable attorney's fee on foreclosure, make findings, and enter decree of foreclosure and sale, in accordance herewith.

Brinck and Johnson, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is reversed and the cause remanded, with instructions to fix a reasonable attorney's fee on foreclosure, make findings, and enter decree of foreclosure and sale, in accordance herewith. Costs awarded to appellant.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

GIVENS, J., Dissenting.—It seems to me that the principle contained in the doctrine announced in *McKinlay v. Javan Mines Co.*, 42 Ida. 770, 248 Pac. 473, holding a contract made in violation of the Blue Sky Law void is contrary to that announced herein and until that case is distinguished or overruled it remains the law. I therefore dissent.

(July 28, 1927.)

ON PETITION FOR REHEARING.

BRINCK, Commissioner.—Counsel for respondents have presented a petition for rehearing accompanied by a brief urging that the opinion heretofore filed has failed to follow the precedents established by this court and by the supreme court of California.

They first state that the doctrine of *Alaska Salmon Co. v. Standard Box Co.*, 158 Cal. 567, 112 Pac. 454, cited in the original opinion herein to the point that the Governor's proclamation is a necessary condition precedent to the forfeiture of a corporation's charter for nonpayment of license fee, has been repudiated by later California decisions, such as that of *California Nat. Supply Co. v. Flack*, 183 Cal. 124, 190 Pac. 634. In *Alaska Salmon Co. v. Standard Box Co.*, *supra*, as in *Kaiser Fruit & Land Co. v. Curry*, 155 Cal. 638, 103 Pac. 341, 347, to the same effect, the court was considering a statute identical, so far as relating to this question, with our C. S., secs. 4781, 4786; while in the case of *California Nat. Supply Co. v. Flack*, *supra*, the court was considering a later statute which did not require a proclamation by the Governor. The later California cases, therefore, in no sense repudiate the doctrine of *Alaska Salmon Co. v. Standard Box Co.*, as applying to statutes such as ours.

The principal contention of the petition for rehearing is in substance that any act done in the corporate name, after its charter has been forfeited, is not only entirely void, but that, being made criminal by C. S., sec. 4789, an estoppel to deny its validity cannot be set up. C. S., sec. 4789, provides that it shall be unlawful for any corporation delinquent under the license law to transact any business within the state after the time when the charter is forfeited, and makes it a misdemeanor for any person after such time to exercise any of the powers of the corporation or transact any business for or on behalf of the corporation. C. S., sec. 4790, constitutes the managers in office or directors of a corporation whose charter may be so forfeited trustees with full power to settle the affairs of the corporation. C. S., sec. 4787, provides for the reinstatement, upon payment of the delinquent fees and penalties, of "any corporation which failed to pay the license tax and penalty," and provides that such reinstatement relieves the corporation from the forfeiture and relieves all persons exercising the powers of such corporation from the provisions of C. S., sec. 4789.

It seems obvious that the intent of our statute is that after delinquency no acts shall be performed, even by the trustees, which are in the nature of continuing the business of the corporation, but it is clearly the intention of the statutes that the statutory trustees may do all acts properly embraced within the winding up or settling of the corporate affairs. Such an act, of course, is disposing of and conveying the corporate property. We think it may be presumed that an act of this nature is done for the purpose of winding up the corporate affairs. Where a corporation, after the expiration of its charter, is permitted by statute to sue to collect its assets, it has been held that a suit begun in the corporate name is presumed to be for the lawful purpose of winding up its business. (*Stark Electric R. Co. v. McGinty Contracting Co.*, 238 Fed. 657, 151 C. C. A. 507.) If, in such a conveyance, the trustees, through ignorance or mistake, use the corporate name, it does not seem that our statutes would contemplate that they should be subjected to the penalties of C. S., sec. 4789. Their act, if done for carrying on the general purposes of a corporation, and transacting its business, except for the purpose of winding it up, would be unlawful under sec. 4789, but it seems to us that an act which is properly within the scope of winding up the corporate affairs, even though exercised in the corporate name, is merely defectively exercised and not void, if it be shown that the act so done was in fact done by the trustees. Thus, in the matter of a deed in the corporate name, the execution of the deed would be defective, but we think undoubtedly the deed should be given effect, if it were shown that the trustees authorized it, and unless it were shown that it was an act not for winding up the corporate affairs, but for carrying on its general business.

None of the California cases cited by respondents present the situation found in this case, or pass upon the particular questions here raised, nor do we think they necessarily sustain respondents' contention when applied to the facts of this case. Among the cases so cited are *Rossi v. Caire,* 174

Cal. 74, 161 Pac. 1161; *California Nat. Supply Co. v. Flack,* 183 Cal. 124, 190 Pac. 634; *Ransome-Crummey Co. v. Superior Court,* 188 Cal. 393, 295 Pac. 446; *Van Landingham v. United Tuna Packers,* 189 Cal. 353, 208 Pac. 973; *Sharp v. Eagle Lake Lumber Co.,* 60 Cal. App. 386, 212 Pac. 933; *Newhall v. Western Zinc Min. Co.,* 164 Cal. 380, 128 Pac. 1040; *Finch v. Finch,* 68 Cal. App. 72, 228 Pac. 553. Those decisions do hold that the particular acts under consideration, done by or against a corporation in its corporate name, after its charter had been forfeited, were void, and use general language which might be considered as supporting respondents' contention. It is repeatedly said in those decisions that a corporation whose charter had been "forfeited" for nonpayment of license fee has no more existence than a natural person when life ceases, and that no act can be done even in its behalf. This view rests, we think, upon the construction given by the California supreme court to their former statutes for reinstatement of such delinquent corporations, which statutes were identical, so far as is here concerned, with the language of our C. S., sec. 4787. It was there held that the language, "any corporation which failed to pay the license tax" (Cal. Stats. 1906, p. 22), as describing the corporations which might thereafter pay such amount and be reinstated, applied only to corporations whose charters had thus become forfeited prior to the enactment of that statute, and did not operate *in futuro.* It was necessary, therefore, for the California legislature to enact subsequent enabling laws, and they did at each session after the original act of 1905 was passed, and up to the repeal of the statute in 1913, enact a new statute practically identical with their 1906 statute above referred to, which had the effect of authorizing reinstatement of corporations whose charters had thus lapsed since the last legislative session. The California supreme court thus treated a corporation which became delinquent as utterly dead, the same as though its charter had expired by lapse of the time for which it was granted. The history of this legisla-

tion is detailed in *Rossi v. Caire*, 186 Cal. 544, 199 Pac. 1042.

[4]   This construction of the statute providing for reinstatement has never obtained in Idaho; and under the practical construction to the contrary which has been given by the public and the bar and all branches of the state government since the law was passed in 1912, it would seem that the California construction should not now be given to the statute, but that the reinstatement provisions of C. S., sec. 4787, operate to permit corporations thereafter becoming delinquent to be reinstated. Indeed, this is the only possible construction of our statute, since C. S., sec. 4787, was a part of the very act which inaugurated the license fee provision, and at the time of its enactment there were, of course, no delinquent corporations, so that to consider the reinstatement statute as not applicable to corporations thereafter becoming delinquent would leave C. S., sec. 4787, entirely nugatory. Under our view of the statute, a corporation does not, by becoming delinquent, die as does a natural person or a corporation whose term of existence has terminated, but is rather in a state of suspended animation, from which condition it can be relieved merely by the payment of the delinquent fees and penalties. "Certainly, if a corporation had been dissolved, it could not be resurrected and reinstated as an entity, in such a free and easy manner." (*Hazard v. Park* (C. C. A.), 294 Fed. 40, 42.)

The language of Chief Justice Ailshie, in his special concurring opinion in the case of *Rowe v. Stevens*, 25 Ida. 237, at 254, 137 Pac. 159, to the effect that a domestic corporation is dead when its right to further do business has been forfeited, should not be considered as applying to the so-called forfeiture for nonpayment of license fee. In fact, the statute itself recognizes that the corporation in such case is not dead, but is merely deprived of its power to carry on business, when it provides, in C. S., sec. 4790, that the managers in office or directors, after such forfeiture, are trustees not

only for the stockholders of the corporation, but of the corporation itself.

Under the amendment to the California statutes in 1917, p. 359, containing provisions differing from our C. S., sec. 4787, the California court now holds that a corporation which has become delinquent is in a state of suspended animation; but still holds that acts performed in the corporate name during the period between the delinquency and the reinstatement are utterly void, without distinguishing between acts which are in the nature of carrying on the corporate business and such as it would seem the legislature intended to penalize, and acts which might lawfully be done by the statutory trustees. We think in a proper case this distinction should be made.

Applying these considerations to this case, the conveyance of the corporate property was a proper act to be performed by the trustees; and if they did the act, even though the deed was executed in the corporate name, it should not be considered void, but merely defective in its execution. Since the trustees allowed it to stand, and the corporation, upon its reinstatement and its succession to the rights of the trustees, has recognized the deed and operated under it, as have the respondents, we think the language of the original opinion that the deed here was not altogether void is a correct statement of the law; nor unless it is shown that the conveyance was not for a lawful purpose, but was in fact a carrying on of the corporate business as distinguished from winding up its affairs, did the act of making the deed subject anyone to the penalties of C. S., sec. 4789, and the objection that there is no estoppel against urging the invalidity of a criminal act would not apply.

The case of *McKinlay v. Javan Mines Co.*, 42 Ida. 770, 248 Pac. 473, relied on by respondents, is clearly distinguishable, because there the act in question was in its nature illegal, and the contract was for an illegal purpose; and in the case of *Holter v. Hauser*, 33 Ida. 406, 195 Pac. 628, also relied on by respondents, a different sort of act was being considered,

and the corporation involved was one whose charter had expired by expiration of time.

We recommend that a rehearing be denied.

Varian, C., concurs.

The foregoing is approved as the opinion of the court, and a rehearing is denied.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Second petition for rehearing denied.