SANBORN BROTHERS, SUCCESSORS, A CORPORATION, ETC., BY THE FORMER STOCKHOLDERS OF THAT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11082. Promulgated January 8, 1929.

*George M. Morris, Esq.*, for the petitioners.
*V. J. Heffernan, Esq.*, for the respondent.

OPINION.

STERNHAGEN: On December 7, 1925, the Commissioner mailed to "Sanborn Brothers" a notice of deficiency of $9,037.45 income and profits tax for the fiscal year ended August 31, 1919. On January 18, 1926, a petition was filed with this Board in the name of "Sanborn Brothers, Successors." The petition opens with the following allegation:

This is an appeal brought in the name of the above entitled taxpayer by the former stockholders of that corporation, acting through Walter D. Sanborn, the duly authorized agent for the purpose of such former stockholders. The appeal is taken from the determination of the Commissioner of Internal Revenue set forth in his deficiency letter (IT: E: SM–60–D: JDL–A–21640–B–21641) dated December 7, 1925. As the basis of this appeal, the following is set forth:

*Jurisdiction of the Board*

1. The appeal is in the name of a former corporation of the state of California, the principal office of which was at Avenida F. I. Madero 12, Mexico City, Mexico, while the address of the former stockholders of the corporation on whose behalf this appeal is brought is: % Gebauer & Hails, Central Building, Los Angeles, California.

Paragraph 5 alleges that—

On March 3, 1917, the charter of the said corporation was forfeited by the state of California under the provisions of Chapter 190, section 7, of "The Statutes of California and Amendments to the Code" effective August 7, 1915. Such forfeiture was solemnly declared by publication of the Secretary of State of the State of California.

The verification, sworn to January 11, 1926, is as follows:

STATE OF CALIFORNIA,
    *County of Los Angeles, ss:*

Walter D. Sanborn, being duly sworn, says that he is the duly authorized agent for the purpose of the former stockholders of Sanborn Brothers, Successors, formerly a corporation of the State of California, now dissolved; that he has read the foregoing petition, is duly authorized to verify the same, is familiar with the statements therein contained and that the facts therein stated are true.

WALTER D. SANBORN.

To this petition the respondent filed answer in which the allegations of paragraph 1 of the petition are categorically admitted, and it is also admitted " that on March 3, 1917, the charter of the said corporation was forfeited by the State of California for nonpayment of its state license fee ".

The proceeding came on for hearing in due course and at the hearing respondent, without objection, amended its answer by pleading that petitioner was estopped to deny its corporate existence during the year in question. Petitioner also amended the petition, alleging that the amount already paid as tax for the year in question constituted an overpayment. The amended petition also contained the following opening paragraphs in substitution for those above quoted in the original petition:

In accordance with the order of the Board entered at the hearing in this matter, this amended petition is filed for the above named petitioner, petitioning for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency (IT: E: SM-60D: JDL-A-21640-B-21641) dated December 7, 1925, and as the basis of this proceeding alleges as follows:

*Jurisdiction of the Board*

1. The appeal is brought by the former stockholders of Sanborn Brothers, Successors, which was a corporation of the State of California with charter protocolized in the Republic of Mexico. The principal office of the same corporation was at Avenida F. I. Madero 12, Mexico City, Mexico, while the address of the former stockholders of the corporation by whom this appeal is brought is, % Gebauer & Hails, Central Building, Los Angeles, California.

The allegations of paragraph 5 (b) were literally repeated. The verification is also identical. To this amended petition the respondent's answer makes the same admissions.

From an inspection of the record it appears that an individual former stockholder, acting for himself and all other former stockholders, has filed the petition with the Board to redetermine an alleged deficiency in the tax of the former corporation. No defi-

ciency is alleged to have been determined as to him or any other of the stockholders, and no liability of transferees is alleged to have been determined as to them under section 280, Revenue Act of 1926. They assume to act because, as they say, no one else is in position to act and they have an interest. These assertions are not supported by the record, and even if they were, such facts alone would not give them a standing before the Board unless under the law they could be said to stand as the taxpayer, *A. H. Stange*, 1 B. T. A. 810, 815; *Bond, Inc.*, 12 B. T. A. 339.

To find whether they may be looked upon as the taxpayer, we look to the law of California. It appears that the corporation forfeited its charter on March 3, 1917, under the statute of May 10, 1915, then in effect. Failure to pay the license tax prescribed by section 4 resulted, by section 7, in forfeiture. Such forfeiture was not a mere suspension with the possibility of revival, but was a complete destruction of the corporation. This was uniformly held by the California courts; and this construction gave rise to a change of statute in May, 1917. *California National Supply Co.* v. *Flack*, 183 Cal. 124; 190 Pac. 634; *Van Landingham* v. *United Tuna Packers*, 208 Pac. 973. After forfeiture the corporation's affairs were, by section 13, in the hands of the directors as trustees, *Newhall* v. *Western Zinc Mining Co.*, 164 Cal. 380; 128 Pac. 1040; *Rossi* v. *Caire*, 174 Cal. 74; 161 Pac. 1161; see also *Rossi* v. *Caire*, 199 Pac. 1042; *Ransome-Crummey Co.* v. *Superior Court*, 205 Pac. 446. The stockholders could neither proceed nor be proceeded against directly in respect of corporate rights or liabilities. In this state of the law, it seems clear that the stockholders are not the corporation and have no authority to sue before the Board in behalf of or in the name of the corporation. Such authority is in the directors alone, and they have not instituted the present proceeding. So far as the record discloses, this proceeding is a purely officious act, and its disposition would leave the corporation's affairs untouched.

Since, therefore, the petitioner here is not proceeding for a redetermination of a deficiency against him, and since the taxpayer against whom a deficiency has been determined has not filed the petition, there is nothing within the statutory jurisdiction of the Board, and, for that reason,

*The proceeding will be dismissed.*

Reviewed by the Board.

MILLIKEN concurs in the result.