[Civ. No. 2507.     Third Appellate District.—January 8, 1923.]

## J. T. SHARP, Respondent, v. EAGLE LAKE LUMBER COMPANY (a Corporation), Defendant; FRANK L. SPENCER, Appellant.

[1] CORPORATIONS—DISSOLUTION—REVOCATION OF CHARTER—RIGHT TO TRANSACT BUSINESS.—When a corporation has been dissolved according to the provisions or mandates of the law, or its charter has been legally revoked, such corporation no longer exists as a legal entity; it is then legally dead, and it is no more capable of suing or being sued or of transacting any other business in its corporate name than is a natural person after passing from this life.

[2] ID.—JUDGMENT AGAINST DEFUNCT CORPORATION—IMPEACHMENT—PARTIES.—A judgment entered in an action instituted against a corporation after it has become defunct and which is still nonexistent at the time of the trial of the action and entry of such judgment may be impeached as void and its invalidity shown by anyone interested, such as one entitled as a creditor or a stockholder to participate in the assets of the corporation, or a stockholder liable for the debts of the corporation.

[3] ID.—VOID SERVICE—APPEARANCE—JUDGMENT.—Where an action is brought against a corporation which has become defunct and which is still nonexistent, the service of summons upon an individual who was an officer of the company while it still existed as a corporation is no service; and, notwithstanding the defendant, through said officer, answers the complaint, admitting the existence of the defendant as a corporation, all further proceedings and the judgment entered therein while said corporation continues nonexistent are *coram non judice* and void.

[4] JUDGMENTS—COLLATERAL INVALIDITY—ATTACK—PROCEDURE.—Where a judgment, though not void upon its face, is for some collateral reason void, as, for instance, where it has been procured by means of fraud extrinsic to the merits of the case in which such judgment has been entered, and innocent third parties have acquired interests through or by virtue of the judgment, the more orderly course is to proceed by an independent suit in equity to set it aside or to restrain or prevent the party in whose favor the judgment has thus been procured from making an inequitable use thereof.

[5] ID. — VOID JUDGMENT AGAINST DEFUNCT CORPORATION — MOTION BY STOCKHOLDER TO SET ASIDE.—Where a judgment is obtained against a corporation which at the time of the commencement of the

---

1.  Effect of dissolution of corporation, note, 7 Am. St. Rep. 717.

action was nonexistent, it having previously thereto forfeited its charter, and execution is issued on such judgment, a stockholder may properly attack such judgment and execution by verified petition and motion in said action to recall the said execution and to vacate and set aside the judgment entered in said action and to perpetually stay execution thereon.

[6] ID. — MOTION TO SET ASIDE — DIRECT ATTACK. — A motion to set aside a judgment in the court which rendered it is a direct and not a collateral attack.

[7] ID. — MOTION TO VACATE — REASONABLE TIME. — Where an invalid judgment is entered against a defunct corporation, a motion by a stockholder to vacate and set aside said judgment and to recall and perpetually stay execution thereon, made a little over eight months after the rendition of such judgment, is within a reasonable time, where the judgment has not theretofore been satisfied and no vested rights in innocent third parties have grown out of the judgment.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge. Reversed.

The facts are stated in the opinion of the court.

Pardee, Hardy & Pardee, Butler & Van Dyke and Ben P. Tabor for Appellant.

Grover C. Julian for Respondent.

HART, J.—This is an appeal from the order denying appellant's motion to vacate the judgment entered in the case of J. T. Sharp, Plaintiff, v. Eagle Lake Lumber Company, Defendant, to recall the execution issued upon said judgment and to grant a perpetual stay of execution thereon.

On October 18, 1919, the plaintiff, as assignee of the Burton Lumber Company, a corporation, brought this action against the defendant, Eagle Lake Lumber Company, a corporation organized and existing under and by virtue of the laws of the state of Utah, to recover upon a promissory note for the sum of $1,000 executed by the Eagle Lake Lumber Company to the plaintiff's assignor and (as a second cause of action) to recover the further sum of $2,749.04, alleged to be a balance due from the Eagle Company (as we shall hereinafter refer to the Eagle Lake Lumber Company) for cash advanced, supplies furnished,

services, etc., rendered by plaintiff's assignor to and for the former.

Summons was served on J. E. Solderholm, as vice-president of the Eagle Company, the said summons having been served within the state of California. Said Eagle Company, through said Solderholm, answered the complaint, admitting the existence of the defendant as a corporation, admitting the execution of the promissory note as alleged and set out in the first count of the plaintiff's pleading, denying certain other allegations, including the averment that said note had not been paid, and denying the allegations of the second count of the complaint. The defendant also set up a special defense by way of confession and avoidance. As will later be perceived, it is unnecessary to the decision of this appeal to state herein the specific nature of the special defense so pleaded.

The issues as made by the pleadings were tried by the court sitting without a jury and the decision was in favor of the plaintiff on both counts or causes of action set up by him. Judgment passed accordingly. Thereafter execution was issued on said judgment and levied on certain lumber claimed by the appellant and one Thomas Coulter, who filed a third party claim. The levy was thereupon released and the execution returned by the sheriff *nulla bona.*

When the levy was made, the appellant, Spencer, who, at the time of the rendition of the judgment, was, and "ever since has been," a stockholder of the Eagle Company, filed in the above-entitled action a verified petition and a notice of motion to recall the said execution and to vacate and set aside the judgment entered in said action and to perpetually stay execution thereon on the ground that, at the time of the commencement of the action and the purported service of summons on the Eagle Company, the said company was non-existent, having previously to said times forfeited its charter. Annexed to and made a part of the petition was a certified copy of the proclamation of the Governor of the state of Utah, proclaiming that, pursuant to the provisions of an act of the legislature of said state, approved March 22, 1909, the said Eagle Lake Lumber Company, because of having defaulted in the payment of its license tax which became due on the fifteenth day of November, 1918, had forfeited its right to carry on business in said state, and declaring that

the right of said corporation so to carry on business was and is forfeited and the charter thereof revoked. This proclamation was made on and dated the eighth day of April, 1919, a trifle less than six months prior to the date of the institution of the above-entitled action and the service of summons therein on the purported vice-president of defendant.

The petition and the motion came on for hearing on the thirtieth day of August, 1921. At the hearing there was introduced in evidence the certificate of Frank C. Jordan, Secretary of State of the state of California, certifying that the Eagle Lake Lumber Company, having failed to pay to the state of California the license tax due it as required by an act of the legislature of said state, approved May 10, 1915 (Stats. 1915, p. 422), and "relating to the terms and conditions upon which corporations may transact business in this state, . . . thereupon the right of said corporation to transact interstate business in this state became forfeited" on the twenty-eigth day of February, 1920.

It was stipulated by and between the parties, at the hearing of the petition, that the charter of said Eagle Company had not been revived, nor its right to do business as a corporation restored, since the date of the proclamation of the Governor of Utah declaring forfeited its right to carry on business in said state and revoking its charter, viz., the eighth day of April, 1919.

As seen, upon the hearing and the argument of the matter by the attorneys for the respective parties in the above-entitled action, the court made an order denying the motion or petition.

The attorney for the plaintiff has not filed a brief herein, nor when the case was called for hearing by this court was there any appearance for the plaintiff or oral argument made in support of the order appealed from. We must, therefore, decide the question presented without aid from the attorney for the plaintiff as to the hypothesis upon which it was maintained in the court below that the order should not be granted and upon which it still may be assumed that the order appealed from should be affirmed. We are of the opinion, however, that the motion should have been granted.

These legal propositions are thoroughly established and unassailable: **[1]** 1. That when a corporation has been dissolved according to the provisions or mandates of the law, or its

charter has been legally revoked, from the date of either event such corporation no longer exists as a legal entity; it is then legally dead, and it is no more capable of suing or being sued or of transacting any other business in its corporate name than is a natural person after passing from this life; [2] 2. That a judgment entered in an action instituted against a corporation after it has become defunct and which is still nonexistent at the time of the trial of the action, such judgment may be impeached as void and its invalidity shown by anyone interested, "such as one entitled as a creditor or a stockholder to participate in the assets of the corporation, or a stockholder liable for the debts of the corporation." (*Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, 579, 581 [89 Pac. 335].)

As to the proposition first above stated, it would seem wholly unnecessary to cite authorities in support thereof. A corporation is an artificial person to which (in a businesss sense) certain of the attributes and powers of a natural person are imparted by the law-making authority, and its right and power to do the things which the law has declared it may do cease the moment its right to exist as an artificial person or a legal entity is terminated, just as the powers of a natural person to take part in mundane affairs ceases to exist upon his death. In either case, obviously, there is no such person in existence. But, as already intimated, the proposition is entirely too banal to require its further discussion. It has been stated, though, in many cases, of which the following may be mentioned: *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, 578 [89 Pac. 335]; *Newhall* v. *Western Zinc Co.,* 164 Cal. 380 [128 Pac. 1040]; *Slayden* v. *O'Dea,* 29 Cal. App. Dec. 267 [189 Pac. 1062]; *Van Landingham* v. *United Tuna Packers,* 189 Cal. 353 [208 Pac. 973.] [3] It, of course, follows from the proposition thus considered that the service of summons in the action upon the individual who was vice-president of the Eagle Company while it still existed as a corporation was no service at all. Indeed, there could be no vice-president or any other officer or agent of the corporation at the time of such service. With the death of a person, natural or artificial, the power or authority of his or its agents or officers as such *ipso facto* ceases or terminates. Of course, the purported service of process in this case was an absolute nullity and the pro-

ceedings in the action and a judgment therein entered were *coram non judice* and void.

There remain to be considered, however, two other propositions, to wit: 1. Whether a motion to set aside the judgment in this case is the appropriate or the proper remedy, and, if so, 2. Whether the motion to vacate the judgment was made within a reasonable time after the rendition and entry thereof.

[4] 1. It is the general rule that, where a judgment, though not void upon its face, is for some collateral reason void, as, for instance, where it has been procured by means of fraud extrinsic to the merits of the case in which such judgment has been entered, and innocent third parties have acquired interests through or by virtue of the judgment, the more orderly course is to proceed by an independent suit in equity to set it aside or to restrain or prevent the party in whose favor the judgment has thus been procured from making an inequitable use thereof.  [5] In this case, however, there are not, as seen, innocent third parties affected by the judgment, and besides, while the nullity of the judgment is not apparent from an inspection of the judgment-roll, the proceeding, by way of petition or motion, looking to its vacation on the ground that it is void, was initiated in the action itself in which the judgment was rendered and entered.  The relief asked was not only that the judgment be set aside but that the execution thereupon issued be recalled and the issuance of execution thereon perpetually stayed.  It would seem that a more direct attack against a judgment could hardly be thought of.  It appears to be as direct as an appeal. [6] It has, indeed, been held in this state that a motion to set aside a judgment in the court which rendered it is a direct and not a collateral attack.  (*People* v. *Mullan,* 65 Cal. 396 [4 Pac. 348]; *People* v. *Applegarth,* 64 Cal. 229 [30 Pac. 805]; *People* v. *Greene,* 74 Cal. 400 [5 Am. St. Rep. 448, 16 Pac. 197]; *People* v. *Pearson,* 76 Cal. 400 [18 Pac. 424]; *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388, 392 [33 Am. St. Rep. 198, 30 Pac. 385, 32 Pac. 452].  See, also, *Dane* v. *Daniel,* 28 Wash. 165 [68 Pac. 446]; *Morrill* v. *Morrill,* 20 Or. 96 [23 Am. St. Rep. 95, 11 L. R. A. 155 [25 Pac. 362]; 12 Am. & Eng. Ency. of Law, 147 J; note by Judge Freeman, 23 Am. St. Rep. 103 et seq.; Code Civ. Proc., sec. 1916.)

In *Norton* v. *Atchison etc. R. R. Co., supra,* wherein the motion was made upon a showing *dehors* the case itself, the invalidity of the judgment for want of jurisdiction of the person of the defendant not appearing from an inspection of the judgment-roll, it ·is said: "It is admitted that a motion to vacate a judgment is a direct and not a collateral attack; and if, as we hold, a motion was the proper proceeding in the case, of course any fact going to show the invalidity of the judgment could be presented at the hearing of such motion. Where a return shows that a nonresident was personally served with summons within the state, and it is made to appear to the court that such return was false, it would be strange if, within a reasonable time, the court could not, upon application, set aside the service, or the false return of service, and vacate the judgment. There is no reason why, in such a case, the nonresident should be put to the necessity of an independent action."

The Norton case has been approvingly cited in a number of subsequent cases, of which we will mention only the case of *Waller* v. *Weston,* 125 Cal. 201 [57 Pac. 892], in which the motion, based upon the ground that the defendant had never been served with summons and that the court consequently never acquired jurisdiction of his person, was supported by affidavits, such want of jurisdiction not being apparent from an inspection of the judgment-roll.

We now come to the question,

[7] 2. When, after the rendition of the invalid judgment, must a party prejudiced thereby take steps in the court in which it was rendered to destroy its apparent force before he will be held estopped by laches from proceeding by motion to set it aside? In other words, what is a reasonable time after such judgment has been rendered within which a party should so proceed in order to save his right to have the judgment vacated and so set at naught? As is readily to be understood, the appellant has not proceeded in pursuance of the provisions of section 473 of the Code of Civil Procedure; but it has been held in a number of cases that, where a motion is made to set aside a judgment not void upon its face, but which for some reason is invalid, the court has no power to grant the motion unless the same is made within a reasonable time, and that, while what is a "reasonable time" in such a case is not definitely determined by statute, "it

will not extend beyond the time limit fixed by section 473 of the Code of Civil Procedure." (*People etc.* v. *Temple,* 103 Cal. 447, 453 [37 Pac. 414].)

In *Norton* v. *Atchison etc. R. R. Co., supra,* it is said, speaking of the time within which a motion such as the one here should be made after judgment rendered: "Perhaps, following the analogy of section 473 (Code Civ. Proc.), six months might be considered the extent of a reasonable time."

In the case at bar, it will be noted, the judgment was rendered December 1, 1920, and a motion to vacate it made August 26, 1921, a little over eight months after the rendition of judgment or within a year thereafter.

We think that, under the circumstances of this case, the appellant was reasonably prompt in the taking of legal steps looking to the vacation and setting aside of the judgment. The judgment assailed had not been transferred to innocent third parties, nor had it been satisfied. Vested rights in innocent third parties had not grown out of the judgment. It was as seen, substantially conceded by the plaintiff or his attorney at the hearing of the motion that the corporation was nonexistent when the action was brought and a summons purported to be served, and this concession necessarily carried with it the further concession that the judgment was absolutely void. In brief, it was not contended at the hearing below, nor is it contended here, that the judgment is not absolutely void.

Section 473 of the Code of Civil Procedure provides, among other things, that the court may relieve a party from a judgment, or order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, "provided application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken." The time limit fixed by said provision of section 473 seems to be the criterion by which the appellate courts have generally determined what is a reasonable time for moving to set aside a judgment when such motion is not made under or by authority of such section. That particular part of said section, however, is not, it is obvious, appropriate to a motion to set aside a judgment. In other words, had the appellant, in seeking the relief asked for by him, invoked section 473, he would not and, indeed, could

not, found his motion on that part of said section. But section 473 also contains this provision: "When, from any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

Upon the foregoing provision, in our opinion, the appellant here could have founded his motion, presenting or tendering therewith an answer setting up the fact, which appears clearly to be true, that the "defendant" was never personally served with summons, etc. It is plainly manifest, therefore, that that part of said section provides the only remedy to which the remedy invoked in this case bears any analogy, and thus we are led to inquire: Since the legislature has in said section declared that a defendant not personally served may have a year from the time of the rendition of a judgment against him within which to move for permission to answer to the merits of the action in which such judgment has been rendered, why is it not the proper and, indeed, the only logical conclusion that the time limit thus fixed establishes the criterion by which it is to be determined what a "reasonable time" is for the institution of an analogous proceeding, in nature and effect, independently of or not founded upon said provision? A satisfactory negative reply to the question, it is believed, cannot be made; for we can conceive of no logical theory upon which it can be held that the six months' limitation prescribed by the section is alone applicable to a remedy whereby an entirely different object is intended to be accomplished, or, in other words, should be accepted as fixing the criterion for determining what is a "reasonable time" for instituting such a proceeding as we have here instead of the year limit prescribed by the same section as applicable to a proceeding substantially similar in nature and the object to be accomplished.

Our conclusion is that, in view of the circumstances of this case, the appellant should not be driven to an independent suit for the purpose of getting rid of the judgment in the present action and that he proceeded for the accomplishment of that result in a proper way and within

a reasonable time after the judgment had been rendered. This conclusion, we think, is not only legally warranted but is in the interest of justice.

The order is reversed, with directions to the trial court to order the judgment vacated and set aside and the execution thereupon issued recalled and quashed.

Burnett, J., and Finch, P. J., concurred.