[Civ. No. 5331. Second Appellate District, Division One.—January 29, 1929.]

PANZER–HAMILTON COMPANY, Appellant, v. LOUISE R. BRAY et al., Respondents.

H. L. Sacks for Appellant

Meserve & Meserve and Roy P. Dolley for Respondents.

HOUSER, J.—In consequence of the fact that in 1907 the plaintiff corporation failed to pay its state corporation license tax its corporate charter was at that time forfeited. Six years later, without its status having been changed in any way, the then pretended corporation commenced an action against defendants in which, among other things, the corporate existence of the plaintiff was alleged. Defendants answered the complaint, but failed to deny the allegation regarding the corporate existence of the plaintiff. Thereafter judgment was rendered in said action against defendants. In 1925, some twelve years after the action was commenced, under the provisions of section 685 of the Code of Civil Procedure, one Strangman, claiming to be "an officer and assignee of the *plaintiff*," procured an order from the superior court authorizing the issuance of an execution in the matter of said judgment. Thereafter, based upon the records and files in the action, on motion of defendants (which on the hearing thereof was supported by oral and documentary evidence), the court canceled and vacated its former order therein. The *plaintiff* then gave notice of appeal "from the *judgment* made and entered . . . on the 7th day of July, 1925, in favor of the defendants and against plaintiff and from the whole thereof."

Each of the several points presented on appeal depends upon the situation presented by the fact that prior to the

time when the original action was commenced the corporation plaintiff had forfeited its charter. It is respondents' contention that, having lost its charter, the corporation in itself had no power whatsoever—either in the first instance to commence the action; or, secondly, to assign the judgment which it recovered against defendants; or, finally, to give notice of or to perfect an appeal from the order in question.

Appellant's contention that the act is unconstitutional in that its effect is confiscatory of the life and property of the corporation without giving it its day in court is completely answered by the case of *Kaiser L. & F. Co.* v. *Curry,* 155 Cal. 638, 654 [103 Pac. 341].

That upon the forfeiture of the license of a corporation it is dead, and, consequently, rendered incapable of performing any act, is attested by a long line of authorities in this state. (See *Rossi* v. *Caire,* 186 Cal. 544, 549 [199 Pac. 1042]; *Sharp* v. *Eagle Lake Lumber Co.,* 60 Cal. App. 386, 389 [212 Pac. 933]; *Crossman* v. *Vivienda Water Co.,* 150 Cal. 575, 580 [89 Pac. 335]; *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 380 [128 Pac. 1040]; *Van Landingham* v. *United Tuna Packers,* 189 Cal. 363 [208 Pac. 973].) It therefore becomes apparent that the corporation itself had no power to assign the judgment. But if, under the provisions of statutes amendatory of the original statute (Stats. 1905, p. 493), or under the provisions of section 400 of the Civil Code, power on the part of the board of directors of such a corporation to make an assignment be assumed, the evidence adduced on the hearing of the motion to vacate the order which authorized the issuance of the writ lacked convincing force to show that any attempt had been made by the directors acting as such trustees to assign the judgment. The most that appeared was that, in answer to a leading question to the alleged assignee of the judgment, he had categorically answered "Yes" to a question as to whether he had "obtained the consent of either one of the other parties (presumably the trustees) to the proceedings . . . to enforce the execution of this judgment," but that such "consent" was not in writing. Also, that the *"interests of the other members* of the board of directors" had been assigned to him. On cross-examination, in explanation of such answers, the witness testified that all he had was "one slip of paper where we sold tools, that is all"; that he had "no

books, assignments, writings or papers of any kind relative to the collection of this judgment by any parties whatever. . . . " "Q. Have you that assignment with you? A. Sale of the tools. Q. That is all you have, an assignment which is the sale of the tools? A. Yes, just a sale of the tools. Q. And that is all you have? A. Yes, sir."

In view of the foregoing evidence, we would not be justified on appeal in disturbing the implied finding of the trial court that there was no assignment of the judgment.

But if it could be conceded that the attempted assignment of the judgment was legally sufficient, the procedure in perfecting the appeal was inadequate. Even assuming that under the provisions of section 385 of the Code of Civil Procedure, in an appeal arising from circumstances such as have been set forth herein, either the person in whose favor the original judgment was rendered, or his assignee, might properly be the appellant, nevertheless the situation here presented is, first, that under the authorities hereinbefore cited, as a matter of law, the corporation *could not* appeal, and as a matter of fact, the assignee *did not* do so. Although the corporation was dead, no substitution of the members of its board of directors as trustees for the defunct corporation appears to have been made in the proceedings. The notice of appeal was given in behalf of the *plaintiff* corporation—not by its trustees, or even by its alleged assignee. In the case of *Aalwyn's Law Institute* v. *Martin*, 173 Cal. 21 [159 Pac. 158], in principle it is held that when a corporation has failed to pay its license tax and by reason thereof its charter has been forfeited, the corporation is dead, and that in its behalf the trustees of the corporation are the only persons or representatives who have any standing in court. It is therefore manifest that, as the corporation itself had no power or capacity to act in the premises, and as its directors acting as trustees for the corporation gave no notice of appeal, the notice purporting to emanate from the corporation was a nullity. (*Venable Bros.* v. *Southern Granite Co.*, 135 Ga. 508 [32 L. R. A. (N. S.) 446, 69 S. E. 822].)

With reference to the status of the judgment recovered by the corporation after its existence had been legally terminated, the case of *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575 [89 Pac. 335], is authority to the effect

that the trial court was without jurisdiction to render the judgment and that such judgment was subject to collateral attack. To the same effect, see *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 380 [128 Pac. 1040]; *Sharp* v. *Eagle Lake Lumber Co.,* 60 Cal. App. 386 [212 Pac. 933]; *McPhee* v. *Reclamation District,* 161 Cal. 566 [119 Pac. 1077].

The contention by appellant that because the complaint in the action contained an allegation of the existence of the corporation which was not denied by the answer of the defendants, the respondents are estopped from now asserting the nonexistence of the corporation, is controverted by the several rulings in the cases last cited. In principle it should be plain that estoppel of the classification of that here under consideration would require knowledge on the part of the person claimed to be estopped of the facts upon which the estoppel depends. (10 Cal. Jur. 632; *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 380 [128 Pac. 1040]; *Wheaton* v. *North British & M. I. Co.,* 76 Cal. 415 [9 Am. St. Rep. 216, 18 Pac. 758].)

It is equally clear that estoppel cannot operate as against positive law or public policy. "The doctrines of estoppel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy." (*Montsdoca* v. *Highlands B. & T. Co.,* 85 Fla. 158 [95 South. 666].) "An estoppel can never be invoked in aid of a contract which is expressly prohibited by a constitutional or statutory provision." (*Deer Creek Highway Dist.* v. *Doumecq Highway Dist.,* 37 Idaho, 601 [218 Pac. 371].) Although the statute providing for the forfeiture of the charter of the corporation (Stats. 1905, p. 493) contains no express provision by which the corporation is forbidden to bring an action after its charter has been forfeited, the statute does contain a provision by which it is provided that: "No corporation . . . shall do or attempt *to do any business* by virtue of its charter in this state, without a state license therefor." Also, that " . . . any person or persons who shall exercise any powers under the charter of any such corporation after the same shall have been forfeited to the state, . . . shall be guilty of a misdemeanor." In addition thereto, by the several decisions to which attention has been directed it is judicially determined that a corporation whose charter has been forfeited is power-

less to perform any corporate act. To permit appellant's contention to prevail in effect would be tantamount to a recognition of an equitable principle which in its foundation is lacking in at least two substantial elements.

The appeal is dismissed.

Conrey, P. J., and Crail, J., *pro tem.*, concurred.