[Civ. No. 51482. First Dist., Div. Three. Jan. 22, 1982.]

NORTH AMERICAN ASBESTOS CORPORATION, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; HARRY P. HOOPES et al., Real Parties in Interest.

[Civ. No. 52559. First Dist., Div. Three. Jan. 22, 1982.]

NORTH AMERICAN ASBESTOS CORPORATION, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; LESTER JOHNSON, Real Party in Interest.

[Civ. No. 53506. First Dist., Div. Three. Jan. 22, 1982.]

NORTH AMERICAN ASBESTOS CORPORATION, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; JOHN GORMAN, Real Party in Interest.

[Civ. No. 53830. First Dist., Div. Three. Jan. 22, 1982.]

NORTH AMERICAN ASBESTOS CORPORATION, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; HAROLD C. FOSTER et al., Real Parties in Interest.

**COUNSEL**

Preston N. Ericksen, David A. Gifford and Ericksen, Arbuthnot, McCarthy & Kearney for Petitioner.

No appearance for Respondent.

Steven Kazan, George W. Kilbourne, Edward M. Digardi and Bryce C. Anderson for Real Parties in Interest.

John P. Macmeeken, D. Wayne Jeffries, Monte S. Travis and Chickering & Gregory as Amici Curiae on behalf of Real Parties in Interest.

OPINION

SCOTT, J.—Petitioner North American Asbestos Corporation challenges the denial of its motions to quash service of process. Petitioner's four petitions, considered herein collectively, raise the question of whether a dissolved Illinois corporation may be sued in California for asbestos-related injuries when the dissolution took place more than two years before the suits were filed.

Petitioner is the defendant in 13 different lawsuits, some with multiple plaintiffs, all involving asbestos-related injuries. Petitioner was incorporated under the laws of the State of Illinois on October 14, 1953, and on May 19, 1978, filed articles of dissolution and was issued a certificate of dissolution by the Secretary of State of Illinois.

Illinois has a statute which provides that the dissolution of a corporation shall not impair any remedy for a liability incurred prior to dissolution "if action or other proceeding thereon is commenced within two years after the date of such dissolution." (Ill. Rev. Stats. (1977) ch. 32, § 157.94.) Eleven of the thirteen lawsuits were filed more than two years after dissolution. A twelfth brought by Carl Tognolini, Johnnie Overstreet and Ned Fernandez (action No. 532968-5, covered by petition 1 Civ. 51482) was filed several days before the two-year period ended, but service took place after the deadline. The remaining lawsuit by John Gorman (action No. 524147-9, covered by petition 1 Civ. 53506) was filed before the period expired, but when initially filed did not name petitioner as a defendant. The first amended complaint, which substituted petitioner for a Doe defendant, was filed after the two-year period had ended.

Service of process in the various lawsuits was by mailing summons and complaint to Max E. Meyer, trustee of the liquidating trust of North American Asbestos Corporation. Petitioner did not return the acknowledgment of receipt forms accompanying service. Instead, petitioner moved to quash, contending both that service upon the dissolved corporation was void and that the corporation did not have the minimum contacts with California to justify suit here. The motions to quash were denied. These petitions followed. We conclude that the motions to quash were properly denied in that the court had jurisdiction over petitioner and that the appropriate procedure to challenge petitioner's capacity to be sued was by way of a demurrer, motion for summary judgment, or other procedures.

■ Petitioner's attack upon the jurisdiction of the court in its motion to quash is resolved by Code of Civil Procedure sections 410.60 and 416.20. The latter section specifically authorizes service of summons upon "a corporation that has forfeited its charter or right to do business, or has dissolved, ..." Service may be accomplished by delivery "[t]o a person who is a trustee of the corporation and of its stockholders or members." Section 410.60 provides that "[i]n an action against a corporation which has forfeited its charter or right to do business, or has dissolved, the court in which the action is pending has jurisdiction over all the trustees of such corporation and of its stockholders or members from the time summons is served on one of the trustees ...." Petitioner's reliance upon *Sharp v. Eagle Lake Lumber Co.* (1923) 60 Cal.App. 386 [212 P. 933] is misplaced. The *Sharp* court discussed the principle that a defunct corporation is legally dead and no more capable of being sued than is a natural person after passing from this life. The court then observed that "the purported service of process in this case was an absolute nullity." (60 Cal.App. at p. 390.) Although the *Sharp* decision has not since been relied upon for that point, Witkin treats it as authority for the proposition that "[i]f the court has no jurisdiction of the defendant he may, at the time to plead, move to quash service. (C.C.P. 418.10 ....)" (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 167, p. 3739.)

However, in *Sharp* the purported service was upon the vice president of the company, as vice president. But since there was no company in existence, there was no vice president or other agent of the company. Thus, the service of process was a nullity. Here, however, the service was not upon the company or upon an officer of the company, but upon the trustee. Service was in accordance with the requirements of Code of Civil Procedure section 416.20. Under Code of Civil Procedure section 410.60 it vested the court with jurisdiction over the trustee and the stockholders. The issues raised by petitioner address not the jurisdiction of the court, but the capacity of petitioner to respond to suit.[1]

A motion to quash does not lie when a dissolved corporation has been properly served in accordance with Code of Civil Procedure section

---

[1]In the trial court petitioner moved to quash both because of dissolution and on the ground that the corporation did not have sufficient contacts with California to justify suit in this forum. It also contended that there was a technical defect in that the summons did not indicate that service was on behalf of a defunct corporation. These latter two attacks are appropriate challenges for a motion to quash service. However, they have not been raised in these petitions.

416.20; the trial court's denial of petitioner's various motions to quash was appropriate. (Cf. 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 183, p. 712.)

In the event of further proceedings in this cause to determine petitioner's capacity to be sued the trial court will be required to determine whether the law of California or the law of Illinois applies. The two-year survival law applies under Illinois law to suits against a dissolved Illinois corporation. Illinois Revised Statutes, chapter 32, section 157.94, provides that "The dissolution of a corporation [by various means] shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution."

Petitioner contends that under Illinois law there is a clear bar to any lawsuit brought over two years after its dissolution. However, Illinois decisions hold that the two-year limitation on corporate survival is not absolute. Thus, in *People* v. *Parker* (1964) 30 Ill.2d 486 [197 N.E.2d 30] there is a suggestion that suit would not be barred by the two-year rule if the corporate directors failed to follow the statutory requirement that they notify known creditors of the intent to dissolve. And in *Edwards* v. *Chicago and Northwestern Railway Co.* (1967) 79 Ill.App.2d 48 [223 N.E.2d 163] a late suit was allowed where the parent corporation induced plaintiff to delay in filing claims against a subsidiary. It is apparent from these decisions that under certain circumstances the two-year limitation on suits against dissolved corporations will be extended. Whether circumstances of this case permit application of any exceptions to the Illinois two-year survival law can be determined in further proceedings before the trial court.

It is clear that the California survival law does not apply to suits against dissolved foreign corporations. California Corporations Code section 2010 provides that "[a] corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it . . . ." It also provides that "[n]o action or proceeding to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for winding up and dissolution thereof." Thus, there is no time limitation for suing a dissolved corporation for injuries arising out of its predissolution activities.

If section 2010 applies to foreign corporations as well as to domestic corporations, then application of California law would permit these lawsuits to continue. However, section 2010 does not apply to a foreign corporation.

In a law review note entitled *Foreign Corporations: Continuance of Existence After Dissolution* (1947) 35 Cal.L.Rev. 306, the author observed that Civil Code section 399, the predecessor to Corporations Code section 2010, was applicable only to domestic corporations and suggested an amendment to include foreign corporations. No such amendment has taken place.

From a reading of the Corporations Code generally, we conclude that it does not apply to foreign corporations which have dissolved. Corporations Code section 102 provides that with certain exceptions not applicable here the provisions of the Corporations Code apply only to domestic corporations and that application to other corporations is permitted only "to the extent expressly included in a particular provision of this division."[2] Section 2010 is in chapter 20 of division 1, which is entitled "General Provisions Relating to Dissolution." Nowhere is there any mention that the provisions of that chapter or of section 2010 apply to foreign corporations. Foreign corporations are the subject of the entire next chapter, chapter 21.

The alternative writ is discharged and the peremptory writ is denied.

White, P. J., and Barry-Deal, J., concurred.

---

[2]Corporations Code section 102, subdivision (a), provides: "(a) Subject to the provisions of Chapter 23 (commencing with Section 2300) (transition provisions), the provisions of this division apply to corporations organized under this division and to domestic corporations which are not subject to Division 2 (commencing with Section 9000) or Part 1 (commencing with Section 12000), 2 (commencing with Section 12200), 3 (commencing with Section 13200), or 5 (commencing with Section 14000) of Division 3 of this title on December 31, 1976, and which are not organized or existing under any statute of this state other than this code; they apply to any other corporation only to the extent expressly included in a particular provision of this division."