ABINGTON HEIGHTS SCHOOL
DISTRICT, Appellant,

v.

SPEEDSPACE CORPORATION,
Appellee.

No. 82–3199.

United States Court of Appeals,
Third Circuit.

Argued Sept. 29, 1982.

Decided Nov. 17, 1982.

Joseph P. Lenahan, (argued), Lenahan & Dempsey, Scranton, Pa., for appellant.

Oldrich Foucek, III, Thomas C. Sadler, Jr., (argued), Butz, Hudders & Tallman, Allentown, Pa., for appellee.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges and MEANOR,* District Judge.

## OPINION OF THE COURT

MEANOR, District Judge.

On June 1, 1976 a fire occurred upon premises owned by the plaintiff-appellant. This diversity action was begun on June 27, 1979 naming appellee Speedspace Corporation, a California corporation, and Universal Manufacturing Corp. as defendants. The complaint sought damages arising out of the fire. It asserted that Speedspace had negligently designed and constructed the elementary school building in which the fire

---

* Hon. H. Curtis Meanor, United States District Judge for the District of New Jersey, sitting by    designation.

took place and that Universal had supplied defective fluorescent light ballasts.

After some difficulty in effecting service upon it, Speedspace appeared and moved to dismiss upon the ground that as a California corporation having been dissolved on December 31, 1978, under the law of that state it was no longer amenable to suit. In May, 1980 the district court, relying upon *Ray v. Alad Corp.*, 19 Cal.3d 22, 560 P.2d 3, 136 Cal.Rptr. 574 (1977) held that, under the law of California, once a certificate of dissolution is filed, corporate existence ceases and there is no longer amenability to suit.

On the heels of this ruling, the plaintiff moved for reconsideration, contending that it had just discovered that prior to dissolution Speedspace had been a subsidiary of Potlach Corporation and that the dissolution may have been a "merger" between Potlach and its subsidiary. Plaintiff did not move to add Potlach as a defendant. Reconsideration was denied, on the ground that imposition of liability upon Potlach as the parent or successor could not be accomplished by re-instituting the complaint against Speedspace, a "non-entity for the purpose of suit."

Plaintiff attempted to appeal the above rulings, but the appeal was dismissed on April 24, 1981 for want of a final judgment, since the case remained open as to Universal. Subsequently, Universal settled and secured a dismissal, thus rendering final and appealable the previous entry of judgment in favor of Speedspace.

We believe that the district court misread *Ray v. Alad Corp.* That case did not involve the question whether a dissolved corporation remained subject to suit. The defendant there, Alad II, had purchased the assets of the dissolved Alad I, without assuming any liabilities pertinent to the product liability claim advanced by plaintiff arising out of his use of a product manufactured by Alad I. Alad II simply continued the business of Alad I. Under these circumstances, the Supreme Court of California imposed successor liability upon Alad II with respect to product liability arising out of its predecessor's manufacture.[1] In that case the California court was not confronted with an attempt to sue the dissolved Alad I. The remarks of the court on which the district court relied did not go to the question whether, under California law, a dissolved corporation was susceptible to being sued. Those remarks, rather, were directed to the futility of collection after dissolution, liquidation and distribution. This futility, in turn, played a part in the policy decision to place product liability upon a successor corporation which had purchased only assets without assuming liabilities.

Rule 17(b), F.R.Civ.P. provides in pertinent part: "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Hence, we must turn to California law to determine whether Speedspace, though dissolved, remains subject to suit on account of an asserted pre-dissolution tort. The pertinent provisions of the applicable California statute are set forth below.[2]

In our judgment the result in the matter before us is controlled by *North American Asbestos v. Superior Court*, 128 Cal.App.3d 138, 179 Cal.Rptr. 889 (1982). There, personal injury claimants brought suit against a dissolved Illinois corporation. Illinois law provided that a dissolved corporation could be sued within two years of dissolution. The suits before the California Court of

---

1. *Ray v. Alad Corp.* is consistent with our decision imposing successor liability in *Knapp v. North American Rockwell Corp.*, 506 F.2d 361 (3d Cir.1974).

2. Section 2010 of the California General Corporation Law provides:

   (a) A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.

   (b) No action or proceeding to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for winding up and dissolution thereof.

Appeal had been brought more than two years following the date of dissolution. The plaintiff, therefore, argued that California law should apply. Although the Court rejected the application of California law and applied Illinois law instead, in discussing section 2010 of the California Corporation Code it stated:

> It is clear that the California survival law does not apply to suits against dissolved foreign corporations. California Corporations Code section 2010 provides that '(a) corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it ...." It also provides that "[n]o action or proceeding to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for winding up and dissolution thereof." Thus, there is no time limitation for suing a dissolved corporation for injuries arising out of its pre-dissolution activities.

> If section 2010 applies to foreign corporations as well as to domestic corporations, then application of California law would permit these lawsuits to continue. However, section 2010 does not apply to a foreign corporation. *North American Asbestos,* 128 Cal.App.3d at 144, 179 Cal. Rptr. 889.

In light of the language quoted above, we hold that under California law, Speedspace, as a dissolved corporation, is subject to suit arising out of its pre-dissolution activities, with the only time bar being that of an applicable general statute of limitations.

The judgment under review will be reversed and the matter remanded for proceedings consistent with this opinion. Costs taxed in favor of appellant.[3]

---

3. To date, plaintiff has not attempted to amend to add Potlach Corporation as a defendant. If such a motion is made promptly upon remand, we direct that it be granted. Questions of successor liability, relation back and the statute of limitations can be resolved after Potlach is properly joined and served.

At oral argument counsel for appellant, in response to a question from the court, stated that he was representing the interests of a subrogated fire insurance carrier. Attention is called to the real party in interest provisions of rule 17(a) F.R.Civ.P. *See United States v. Aetna Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949) and *Virginia Electric & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78 (4th Cir.1973).