(No. 5138.   May 6, 1929.)

JOHN F. GARRETT, Respondent, v. PILGRIM MINES COMPANY, a Corporation, and the UNKNOWN OWNERS AND UNKNOWN CLAIMANTS OF THE BATTLING JACK No. 1, TOPSY AND MAGGIE (Unpatented), and the PILGRIM LODE MINING CLAIMS (Patented), in Sawtooth Mining District, County of Blaine, State of Idaho, Defendants, and JOHN T. ENGLISH, C. F. KOELSCH and P. H. QUIRK, Trustees of the PILGRIM MINES COMPANY and the Stockholders or Members Thereof, Appellants.

[277 Pac. 567.]

Sullivan, Sullivan & Van Winkle, for Appellants,

George Donart, for Respondent.

BUDGE, C. J.—Respondent filed a complaint in the probate court of Blaine county naming Pilgrim Mines Company defendant, alleging the defendant then was and at all times "hereinafter mentioned has been a corporation duly organized and existing under and by virtue of the laws of the State of Idaho." A money judgment against defendant was prayed for on account of certain work alleged to have been done by respondent at the special instance and request of defendant and for provisions claimed to have been furnished, for which, it was alleged, respondent had not been paid. It appears that summons in the action was forwarded to the sheriff of Ada county, who served the same by leaving a copy thereof, together with a copy of the complaint, with the auditor of Ada county. No appearance was made for or on behalf of the defendant, and judgment was entered in the cause in favor of respondent. Attachment having been issued against the property of defendant, the same was levied upon, sold to respondent under execution and in satisfaction of his judgment and sheriff's deed issued therefor, the property covered thereby being described as "The Pilgrim Lode Mining Claim, patented, in the Sawtooth Mining District."

By second amended complaint filed in the district court for Blaine county, respondent sought to have his title quieted to certain described mining claims, among which was the Pilgrim Lode Mining Claim acquired by him by virtue of the sheriff's deed above referred to. Appellants, as trustees of the Pilgrim Mines Company and the stockholders or members thereof, having petitioned the district court to be made parties defendant to the action, and leave being granted in such respect, filed an answer and cross-complaint, wherein it was alleged that the charter of the Pilgrim Mines Company as a corporation had been, on November 30, 1923, declared to be and was forfeited under the provisions of C. S., chap. 188; that at the time of said forfeiture, and for a long time prior thereto, appellants were the directors of said corporation and since the forfeiture they were, ever since have been and now are, the trustees of the Pilgrim Mines Company and the stockholders or members thereof. The proceedings initiated by respondent in the probate court whereby he acquired sheriff's deed to the Pilgrim Lode Mining Claim were set forth in appellants' pleading, and it was alleged that the same were void, that the probate court acquired no jurisdiction thereunder to enter said judgment or to issue execution, and that by virtue of said execution and sale no title passed to the purchaser, respondent.

Respondent's action in the probate court was commenced (the complaint sworn to) June 7, 1924, and appellants claimed the charter of the corporation had been forfeited November 30, 1923. It was alleged by appellants that, notwithstanding they were at all times mentioned actual residents within the state of Idaho, they were not made parties to nor served with process in the action instituted by respondent in the probate court.

From further recitals in the pleadings, what the record shows upon the submission of the cause to the district court, including a stipulation of the parties as to the facts, the paramount question for decision by the trial court was the effect of the so-called forfeiture by the Pilgrim Mines Company of its corporate charter. If the charter was duly forfeited the probate court of Blaine county

was without jurisdiction to enter judgment against the Pilgrim Mines Company by reason of the proceedings therein having been instituted and brought to a close after the date of the forfeiture, and respondent would not be entitled to place any reliance upon the sheriff's deed by virtue of which he claimed title to the property. The district court found that the charter of the Pilgrim Mines Company was not legally forfeited, and judgment was entered decreeing respondent to be the owner of and entitled to the possession of the property in dispute as against the claims of appellants.

It was stipulated by the parties on the trial of the cause in the district court:

"That on November 30, 1923, prior to the time of the commencement of said action in said probate court the charter of said Pilgrim Mines Company, organized under the laws of the state of Idaho, was declared forfeited under the provisions of Chapter 188 of the Idaho Compiled Statutes for failure to pay annual license tax or to file annual statement and make claim for exemption from said tax, as provided in said Chapter 188 aforesaid.

"That since the said declaration of forfeiture of the charter of said Pilgrim Mines Company, said corporation has never been reinstated."

By C. S., chap. 188, secs. 4780, 4781, 4782, every corporation organized or formed under, by or pursuant to the laws of this state is required annually to file a statement with the Secretary of State setting forth certain information; to obtain a license from the state in order to do or attempt to do business by virtue of its charter and to pay an annual license fee therefor, excepting, among others, "all mining corporations which do not own productive mines." Other sections of the chapter provide for the forfeiture of the charters of corporations which have become delinquent in the payment of the license tax, manner of reinstatement, penalties for violation of chapter, and (sec. 4790) in all cases of forfeiture the directors, managers or any other person or persons who may be appointed by any court of competent jurisdiction to perform that duty are deemed to be trustees of the corporation, with full power to settle

the affairs of the corporation and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations, or to take such legal proceedings as may be necessary to fully settle the affairs of said corporation.

It was a part of the stipulation of facts by the parties herein that the Pilgrim Mines Company "at all times since its incorporation up to the time its charter was declared forfeited, . . . . was a corporation not owning productive mines, and that the mining properties mentioned . . . . are not now productive mines," and while C. S., sec. 4781, expressly exempts from the payment of annual license tax "all mining corporations which do not own productive mines," it requires that "all nonproductive mining corporations . . . . must file the annual statement provided for in section 4780, within the time specified therein, in order to secure exemption from the payment of the annual license tax provided for in section 4782." It will be noted from the first provision of the stipulation quoted herein that the charter of the Pilgrim Mines Company "was declared forfeited under the provisions of Chapter 188 of the Idaho Compiled Statutes for failure to pay annual license tax or to file annual statement and make claim for exemption from said tax, as provided in said Chapter 188 aforesaid." Failure, therefore, of the Pilgrim Mines Company at least to file annual statement as specified in the statute above referred to rendered its charter forfeitable, as stated in the stipulation, "under the provisions of Chapter 188 of the Idaho Compiled Statutes."

Respondent urges that the forfeiture of a charter of a corporation does not occur *ipso facto* upon the nonpayment of a license tax, but that such nonpayment merely gives rise to a right on the part of the Governor and Secretary of State to forfeit the charter of such corporation in the manner provided by law. As already indicated, it was stipulated that the Pilgrim Mines Company was a corporation not owning productive mines, and as such it was entitled to exemption from the payment of a license tax, but it was required, in order to secure exemption, to file the annual

statement provided for in C. S., sec. 4780, which it failed to do, therefore making it *prima facie* liable for the payment of a license tax. Accordingly, in further reference to the matter, the Pilgrim Mines Company may be considered as a corporation required to pay a license tax and subject to the provisions of C. S., chap. 188, in regard to the forfeiture of its charter for failure so to do.

In order for an absolute forfeiture to occur, several things must transpire after a corporation has become delinquent in the payment of the license tax. First (C. S., sec. 4784), the Secretary of State must certify the name of such corporation to the Governor, who must forthwith issue a proclamation declaring the charter of such corporation will be forfeited unless payment of the license tax required, together with a sum as penalty for delinquency, be made to the Secretary of State on or before the thirtieth day of November following; second (C. S., sec. 4785), said proclamation must be filed immediately in the office of the Secretary of State, who shall immediately cause a copy thereof to be published; and third (C. S., sec. 4786), on the thirtieth day of November of each year, the charters of all delinquent domestic corporations which have failed to pay the said license tax, together with the penalty, are thereupon forfeited.

These provisions of C. S., chap. 188, relating to the forfeiture of corporate charters have been set out to show that the chapter prescribes the manner and means by which such charters *are* forfeited for failure to pay the license tax; and, as we construe the stipulation of the parties to this action, it was intended to be conveyed thereby that, by reason of the failure of the Pilgrim Mines Company to pay annual license tax or to file annual statement, its charter was forfeited under the provisions of C. S., chap. 188, and there was a completion of the things required to be done by C. S., secs. 4784, 4785, 4786, in order to effectuate a forfeiture. In other words, it seems to us the stipulation contemplated that the steps required in order to accomplish a forfeiture under the sections mentioned had been done.

It seems from the record that counsel representing respondent on the trial of the cause was chiefly concerned with whether the charter of a corporation such as the Pilgrim Mines Company could be forfeited under the provisions of C. S., chap. 188, it being conceded to be a corporation not owning productive mines. There is no doubt in our minds that the chapter does not apply to such corporations which, although entitled to exemption from the payment of a license tax, must, in order to secure such exemption, file the annual statement required of other domestic corporations. The fact that such a corporation fails to file an annual statement makes it liable for the payment of a license tax, and delinquency as to the latter renders its charter subject to forfeiture. There was no dispute in the trial court as to the stipulation not intending to state that every step looking to a complete forfeiture of the charter of the Pilgrim Mines Company had not been taken, and the contention here made to that effect by different counsel who had no part in the trial of the cause is not justified either by the theory upon which the cause was tried in the district court or the wording of the stipulation.

The case of *Ferguson Fruit & Land Co. v. Goodding*, 44 Ida. 76, 258 Pac. 557, is not in point. The facts are in nowise similar to those in the case at bar. In the Ferguson case the manner of proving forfeiture was resisted; in the instant case there was an agreed statement of facts upon this phase of the matter and no question was raised as to the omission of any essential step leading to a forfeiture.

The only possible question as to the fullness of the stipulation in this regard, if the case had been presented in the district court upon the theory that respondent now seeks to inject, might be as to the use of the word "declared," where it was stated that the charter of the Pilgrim Mines Company "was declared forfeited under the provisions of Chapter 188 of the Idaho Compiled Statutes." Obviously, respondent is now seeking, through the use of this word in the stipulation, to have us hold that it was intended to convey the meaning that for failure of the Pilgrim Mines Company to pay a license tax the Governor

had merely issued a proclamation "declaring" its charter as a corporation would be forfeited. He would have the court understand that nothing more was done thereafter, and the further procedure leading to an absolute forfeiture was not consummated, even though it is plain and certain from the stipulation that no annual license fee was paid and "said corporation has never been reinstated."

It is agreed that the charter of the Pilgrim Mines Company was declared forfeited November 30, 1923, and it is significant that under the provisions of C. S., sec. 4784, it is the duty of the Secretary of State on or before the first day of October in each year to report to the Governor a list of all corporations which have become delinquent in the payment of annual license tax, the Governor forthwith to issue his proclamation declaring the charters of such delinquent corporations will be forfeited unless payment of the license tax, together with a prescribed amount as penalty, be made "on or before .... the 30th day of November next following." The charters of such corporations failing so to pay said license tax are then, on "the 30th day of November," forfeited. (C. S., sec. 4786.)

This was the condition existing with reference to the Pilgrim Mines Company when respondent instituted his action in the probate court of Blaine county in June, 1924, when it was the right of appellants as trustees to defend any action against the company. (C. S., sec. 4790.) It follows that the probate court acquired no jurisdiction upon the pretended service of summons upon the Pilgrim Mines Company, "a corporation," and no right to enter judgment against it. Likewise, the sheriff's deed issued to respondent as a result of the judgment of the probate court was of no effect.

There is nothing to show the reason for service of summons, in the action brought in the probate court, upon the auditor of Ada county. Service may be so made when the officers of a defendant corporation are outside of the state, etc. (C. S., sec. 6676), but it ought to be established that such is the fact in order that personal service may be dispensed with.

We do not consider that appellants' defense or cross-action constitute a collateral attack upon the judgment obtained by respondent in the probate court. For that matter, it is well known that a void judgment is subject to collateral attack. The purpose of appellants in the district court was to remove a cloud upon the title to the property in dispute by reason of the sheriff's deed held by respondent and, the proceedings leading to the issuance of such deed being void, the supposed cloud upon the title to the property created by that deed necessarily would be removed. It would be subversive of the ends of justice not to allow the entry of a formal decree quieting title to the property in the trustees of the Pilgrim Mines Company, after it is concluded the right thereto asserted by respondent is groundless and constitutes no valid claim.

That part of the judgment decreeing respondent to be the owner of and entitled to the possession of the Pilgrim Lode Mining Claim is reversed and the cause is remanded, with instructions to enter judgment quieting title in appellants, as trustees, to the Pilgrim Lode Mining Claim, patented, together with the right of ingress and egress to and from the same as prayed for in appellants' cross-complaint. Costs to appellants.

Givens, Wm. E. Lee and Varian, JJ., and Baker D. J., concur.