CLARA JONES, *Admx., etc. v.* P. G. YOUNG *et al.*

(CC 501)

Submitted April 24, 1934. Decided June 12, 1934.

*Love & Love,* for plaintiff.
*Dillon, Mahan & White,* for defendants.

LITZ, JUDGE:

This certificate involves the ruling of the trial court upon demurrer to a special plea.

The action was brought by Clara Jones, administratrix of the estate of her husband, Howard Jones, deceased, against P. G. Young, C. R. Young, Oscar Bunch, C. R. Summerfield, C. W. Horrocks and C. R. Drumheller, as partners doing business under the firm name of Thurmond-New River Coal Company, to recover for the death of decedent, June 9, 1933, who was instantly killed by coming in contact with an electrically charged wire in the course of his employment as a servant for defendants. The declaration charges that death was due to the negligence of defendants and that they were not subscribers to the state compensation fund.

Defendants, by special plea, deny that they are, or have

been, partners doing business under the firm name of Thurmond-New River Coal Company, and substantially aver that the company is a domestic corporation under a charter issued by the secretary of state August 25, 1931; that it is, and since its organization has been, engaged in the business of mining, shipping and selling coal; that failing to pay the required license tax for the fiscal year beginning July 1, 1932, its charter rights and franchise were forfeited and annulled and a receiver appointed to wind up its affairs by decree of February 3, 1933, in a suit by the state for the purpose under Code 1931, 11-12-77; that the receiver never took charge of the physical assets of the company nor exercised any control over its affairs; that the management and conduct of the business continued as usual; that the license tax and costs incident to the forfeiture having been paid, another decree was entered in the cause June 21, 1933, setting aside the previous order, discharging the receiver, and restoring the corporation to all its former charter rights and privileges. A demurrer to the plea was sustained.

Defendants, relying upon *Miller* v. *Coal Company*, 31 W. Va. 836, 8 S. E. 600, assert that the demurrer to the special plea should have been overruled. In the *Miller* case, the stockholders of a mining corporation, pursuant to an agreement among themselves, continued the business in the corporate name after the expiration of its charter. While so operating, an employee was killed in a mine explosion due to the alleged negligence of the management. The action against the corporation was sustained, notwithstanding the expiration of its charter, upon the theory that it was still a *de facto* body. This holding was based upon section 59, chapter 53, Code 1868 (in effect at the time of the cause of action, and, with slight modifications, incorporated in Code 1931, as section 83, article 1, chapter 31), providing that upon the expiration or dissolution of a corporation, its property and assets shall, under the order and direction of the board of directors then in office, or receiver appointed by the circuit court, be subject to the payment of its liabilities, and the surplus, if any, be distributed among its

stockholders. It further provided that "suits may be brought, continued, or defended, the property, real or personal, of the corporation be conveyed or transferred under the common seal or otherwise, and all lawful acts be done, in the corporate name, in like manner and with like effect, as before such dissolution or expiration; but so far only as shall be necessary or proper for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities, and paying over and distributing its property and assets, or the proceeds thereof, to those entitled thereto." A different case, however, is now presented. The corporation here was neither *de jure* nor *de facto* at the time the cause of action arose. Section 77, article 12, chapter 11, Code 1931, provides substantially that upon the failure of any corporation to pay a license tax within thirty days after the first day of the fifth month of the license tax year, the auditor shall certify to the governor and the secretary of state a list of such delinquent corporations; that within thirty days thereafter the governor shall issue a proclamation declaring their delinquency; that within sixty days after the publication of the proclamation in such newspapers as the governor may designate, the attorney general shall institute a suit in the circuit court of Kanawha county in the name of the state against such delinquent corporations; that if, after a hearing of the cause, the corporations continue delinquent, the court shall enter a decree forfeiting their charters, rights and franchises if they be domestic corporations, and may appoint receivers for them to marshal and distribute their assets; that the court also may, on motion of the attorney general, grant an injunction restraining them from exercising their respective franchises or transacting any business within this state until such tax and the costs be paid. The statute further provides: "Any person or persons who shall exercise or attempt to exercise any powers under the charter of any such corporation, after the issuing of the governor's proclamation, shall be guilty of a misdemeanor, and shall be punished by imprisonment not exceeding

one year, or a fine not exceeding one thousand dollars, or both, in the discretion of the court." The supreme court of California, construing a similar statute (*Rossi* v. *Caire*, 161 Pac. 1161; *National Supply Co.* v. *Flack*, 190 Pac. 634; *Van Landingham* v. *United Tuna Packers*, 208 Pac. 973; *Garrett* v. *Pilgrim Mines Co.*, 277 Pac. 567), held that a *de jure* corporation whose charter has been forfeited for failure to pay a license tax does not continue as a *de facto* corporation so as to give validity to acts and contracts entered into by it during the period of forfeiture. "The rule based on reason would seem to be that a corporation whose charter has been revoked by affirmative act has ceased to exist, whether dissolution is by judicial decree or statutory forfeiture, and that thereafter there can be no corporation *de facto*. For instance, a *de jure* corporation whose charter has been expressly forfeited, by the terms of the governing statute, for nonpayment of a license tax, cannot continue to function as a *de facto* corporation so as to validate its contracts made during the period of its forfeited charter and suspended powers." 8 Fletcher Cyc. Corp., sec. 3844.

The special plea, without denying that defendants were operating the business at the time Jones was killed, impliedly says they were so doing, not as individuals, but as stockholders of Thurmond-New River Coal Company, a corporation. It further admits the forfeiture of the charter of the corporation for failure to pay the license tax, and the appointment of a receiver to take charge of the assets and wind up its affairs. It was therefore unlawful for defendants to continue the business under the charter of the corporation, which had not only forfeited its rights and franchise for non-payment of license tax, but had also failed to contribute to the compensation fund for the protection of its employees. A court, under such circumstances, should not countenance a plea of this nature. To hold otherwise would enable individuals, in violation of the statute and without personal liability, to do business in the name of an insolvent corporation which is unable or unwilling to meet its obligations to the state, its employees and creditors.

We, therefore, affirm the ruling of the circuit court.

*Affirmed.*