FLOERCHINGER, Respondent, v. SIOUX FALLS GAS CO., Appellant

(5 N. W.2d 55.)

(File No. 8467. Opinion filed July 27, 1942.)

544

**Chapman & Nisbet,** of Sioux Falls, for Appellant.

**Charles Lacey,** of Sioux Falls, for Respondent.

ROBERTS, J. This is an appeal from an order overruling motion to quash the service of summons on the ground that defendant corporation had been dissolved and its existence terminated under the laws of the state of its creation. Plaintiff instituted this action to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. Summons and complaint were served on December 31, 1940, upon the Secretary of State as the appointed agent of the defendant for service of process. The showing made in support of the motion is that the defendant, a corporation organized under the laws of the State of New Jersey, filed in the office of the Secretary of State in this state on August 31, 1917, as required by statute, a statement appointing such officer as its agent upon whom service of process against the corporation might be served in respect to any ilability arising out of any business, contract, or transaction in this state; that the defendant company was dissolved as authorized by a statute of the State of New Jersey on December 17, 1940; that a certificate of dissolution was issued by the Secretary of State of New Jersey; that persons who were directors of the corporation at the time of the voluntary dissolution became statutory trustees to settle the affairs of the corporation; and that the said trustees have filed no appointment of the Secretary of State as agent for service of process in this state.

■ It is well settled that at common law the power of a corporation to sue and to be sued is extinguished when it has been dissolved. 97 A.L.R. 483. The result of the dissolution as pointed out by the Supreme Court of the United States in Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634, cannot be distinguished from the death of a natural person in its effect. Counsel for the trustees, appearing specially for the purpose of the motion to quash service, contend that upon dissolution of the corporation the appointment of the Secretary of State as agent for service of process was completely

and unconditionally terminated; that there is no one in this state upon whom service may be made.

Section 14:13-1, Rev. Stat. of New Jersey of 1937, provides for the voluntary dissolution of a corporation. The regularity of the proceedings under this statute including the issuance of a certificate of dissolution on December 17, 1940, is not questioned. Section 14:13-4, however, contains the following provisions: "All corporations, whether they expire by their own limitation or be annulled by the legislature or be otherwise dissolved, shall be continued bodies corporate for the purposes of prosecuting and defending suits by or against them, of enabling them to settle and close their affairs, of disposing of and conveying their property and of dividing their capital, but not for the purpose of continuing the business for which they were established."

Sections 14:13-5 and 14:13-6 provide that upon dissolution the directors shall be trustees "to settle the affairs" of the corporation and may sue for and recover debts and property "by the name of the corporation, and shall be suable by the same name." The Supreme Court of New Jersey in Hould v. John P. Squire & Co., 81 N.J.L. 103, 79 A. 282, 283, construing the effect of these provisions, said:

"The general object of section 53, (14:13-4), as evident from its language, indicates that it is remedial in character; * * *. Hence the section must be liberally construed. Examining it in the light of this rule, we think that the words 'prosecuting suits by them' must be held to mean all suits of whatever character, and whether pending at the time of dissolution or necessary to be commenced afterwards, in order to enforce a right then existing in the corporation; and conversely the words 'defending suits against them' mean suits at law or in equity, in contract or tort, or of what nature soever, and whether begun before or after dissolution. To hold otherwise would enable a corporation to defeat valid causes of action for heavy damages by the simple expedient of dissolution and organization of a new corporation, taking over the assets of the old one. * * *

"We conclude, then, that by the terms of our corpora-

tion act, corporations of this state are suable in tort after and notwithstanding dissolution, on causes of action theretofore arising."

Considering the effect of the provisions of section 14:13-4, supra, prolonging the existence of a dissolved corporation and making it capable of prosecuting and defending suits, the court of appeals of New York in the case of Sinnott v. Hanan, 214 N. Y. 454, 108 N. E. 858, 859, said: "Inasmuch as this section relates to and regulates the corporate existence and power, it has extra-territorial operation and effect, even as had the statute under which the corporation was created and which was a part of its charter and the law of its existence. Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337; Michigan State Bank v. Gardner, 15 Gray, Mass., 362. The existence and the powers of any foreign corporation coming into this state to do business are at all times subject to the law of its creation and of its domicile and, additionally, to our laws relating to it, and the terms laid down by our Legislature as conditions of allowing it to transact business here. Bank of Augusta v. Earle, 13 Pet. 519, 588, 589, 10 L. Ed. 274; Demarest v. Flack, 128 N. Y. 205, 28 N. E. 645, 13 L.R.A. 854; Hoyt v. Thompson's Executor, 19 N. Y. 207. The sections we have quoted are therefore entitled to recognition and enforcement by the courts of this state."

See Fletcher Cyc. Corp., Perm. Ed., Sec. 8583; Acton v. Washington Times Co., D.C., 12 F. Supp. 257; State ex rel. National Surety Co. v. Superior Court for King County et al., 180 Wash. 587, 41 P.2d 133; Perry v. Western Motor Car Co., 279 Ill. App. 195; Kelly et al. v. International Clay Products Co., 291 Pa. 383, 140 A. 143; see, also, cases collated in annotations in 47 A.L.R. 1288 and 97 A.L.R. 477.

■ The statute (Sec. 3, Chap. 172, Laws 1917, SDC 11.2003) by its terms required the defendant corporation as a prerequisite to its right to do business in this state to appoint the Secretary of State as its agent upon whom process might be served against the corporation, and such appointment continues in force "irrevocably so long as any liability of such corporation remains outstanding in this state." If defendant corporation merely withdrew and ceased

to do business within the state, the appointment would have continued in effect so long as any liability against the defendant remained. The present situation where the dissolved corporation continues as a body corporate for the purpose of prosecuting and defending suits by and against it is not distinguishable. We think there is nothing contrary to this conclusion in the cases cited by counsel in support of the motion to quash. Provision for the continuance of corporate existence for the purpose of suit was not before the court in United States Truck Co. v. Pennsylvania Surety Corporation, 259 Mich. 422, 243 N. W. 311, and Livingston v. Southern Surety Co. of New York, 262 Mich. 438, 247 N. W. 712. The case of the United States v. Federal Surety Co., 4 Cir., 72 F.2d 961, cited and relied upon by counsel, is likewise distinguishable. The corporate dissolution under consideration in that case was absolute and the life of the corporation was not prolonged for any purpose.

The order appealed from is affirmed.

All the Judges concur.