LISA MOORE, a Minor, by and through Gloria Moore, *et al.*, her Mother and Father and Next Friends, Plaintiff-Appellant, *v.* NICK'S FINER FOODS, INC., Defendant-Appellee.

First District (5th Division)   No. 83—0129

Opinion filed February 10, 1984.

Michael H. Lavin, of Chicago, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Andrew Fylypovych, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Lisa Moore, a minor, brought suit by and through her parents on May 1, 1981, for injuries allegedly sustained on defendant's premises on January 18, 1974. Defendant corporation (Nick's Finer Foods, Inc.) had been dissolved by order of the Secretary of State on December 1, 1978. After several stipulations extending time, a general appearance and jury demand were filed on behalf of defendant on November 6, 1981. Counsel for defendant subsequently withdrew and new counsel filed a special and limited appearance and a motion to quash service in May of 1982. In her answer to defendant's motion, plaintiff averred that defendant, through an independent insurance adjuster, had acknowledged receipt of an attorney's lien which was mailed to the defendant on January 8, 1975. Plaintiff's case was assigned a claim number and plaintiff remained in correspondence with said adjuster up until February 1978, at which time it appears that a voluntary settlement of plaintiff's claim was rejected by defendant's insurer. Plaintiff also averred that although defendant Nick's was dissolved in December of 1978, she was neither notified of the involuntary dissolution nor of any change of registered agent for defendant corporation.

On December 15, 1982, the trial court granted defendant's motion to quash and dismissed plaintiff's complaint with prejudice. The court's ruling was based upon its interpretation of that portion of the Illinois Business Corporation Act which deals with survival of remedies after dissolution. The Act states that:

"The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State *** shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. ***" Ill. Rev. Stat. 1981, ch. 32, par. 157.94.

Plaintiff urged in the trial court, and now argues on appeal, that under the exception as to minors set forth in the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 22, now codified in Ill. Rev. Stat. 1981, ch. 110, par. 13—112), her suit (filed five months after the two-year period) was timely filed and should not have been dismissed. That paragraph provides that where the person entitled to bring an action is a minor or otherwise incompetent at the time of accrual, he or she may bring the action within two years after the disability is removed. The trial court rejected plaintiff's argument in a written order, stating its belief that such an interpretation would re-create corporate existence which the statute clearly intends to dissolve.

■ Defendant's initial point on appeal is that because at the time suit was filed in this case the corporate entity known as Nick's was no longer in existence, plaintiff's case was void *ab initio* and did not invoke the jurisdiction of the trial court. For the reasons that follow, we believe that, under the circumstances here, the statutory exception as to minors overrides the corporate dissolution statute and preserves the court's jurisdiction over the cause.

Defendant's next argument is based on the plain language of the Business Corporation Act which, it argues, bars suits against dissolved corporations after two years. Defendant also contends that to allow this minor-plaintiff to proceed would be in contravention of a clearly expressed legislative policy and would thwart the orderly process of corporate dissolution.

■ We agree with defendant that the general policy behind the corporate dissolution statute is to set a definite point in time at which the existence of a corporation and the transaction of its business are terminated (see, *i.e., Litts v. Refrigerated Transport Co.* (M.D. Pa. 1973), 375 F. Supp. 675); however we also note that the two-year limitation on corporate survival is not absolute, and may be extended under certain circumstances. (See *North American Asbestos Corp. v. Superior Court* (1982), 128 Cal. App. 3d 138, 179 Cal. Rptr. 889, and cases cited therein.) Additionally, courts of this State have long recognized that a minor should not be precluded from enforcing its rights

unless clearly debarred from so doing by some statute or constitutional provision. (*Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 73, 382 N.E.2d 784; *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 153 N.E. 831.) This policy has been adhered to consistently in decisions with reference to the limitations provisions contained in other statutes and their applicability to minors and incompetents. Thus, in *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 120 N.E. 476, a statute requiring written notice within six months after an injury by any person intending to sue a city was held not applicable to a minor who is incompetent to give such notice. The statute there was construed as having been passed with due regard to the established rules of law for the protection of incompetent persons. In *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, the court found the unqualified term "incompetent" to include a minor, and therefore the six-month period for filing claims under the Workers' Compensation Act did not begin to run against the minor-employee until a guardian had been appointed for him. Later, in *Haymes v. Catholic Bishop* (1965), 33 Ill. 2d 425, 211 N.E.2d 690, it was held that sections 3 and 4 of the School Tort Liability Act, insofar as they barred suit against schools for personal injury or property damage where not filed within six months of the date of injury, were not applicable to minors. There the court reasoned that the time limitation was not a condition of liability, but merely a statutory limitation placed on an existing right. Most recently, in *Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, it held that the two-year limitation contained in the Wrongful Death Act did not begin to run against a minor until majority.

■ Defendant argues that the court's decision in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112, holding the one-year limitation for bringing actions under the Dramshop Act applicable to minors and incompetents, is controlling here. We disagree. The holdings in *Demchuk* and the cases preceding it were predicated upon the well-recognized rule that a special limitation in a purely statutory cause of action, unlike a general statute of limitations, operates as a limitation of the liability itself and not the remedy alone. Thus, the court explained the special limitation in a purely statutory cause of action as "a condition attached to the right to bring the action" (92 Ill. 2d 1, 6-7). Unlike the situation in *Demchuk*, the minor-plaintiff here asserts a common-law cause of action. We believe that where, as here, there is no language in the statue involved, or in any constitutional provision, which distinctly restricts the right of a minor or incompetent to file an action against a corporation more than two years after dissolution relating to liability incurred prior to dissolution, that such an action

may be brought within two years of the minor's reaching majority.

Lastly, given the evidence in the record of the existence of an indemnification policy of insurance, we need not at this time reach defendant's contention that allowing plaintiff to proceed would disrupt the orderly process of corporate dissolution which the statue is designed to ensure. Whether such insurance does in fact exist can be determined in further proceedings before the trial court.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded.

Reversed and remanded.

LORENZ and SULLIVAN, JJ., concur.