**In the Matter of the ESTATE OF LeRoy H. ERDMANN, Deceased.**

**Nos. 16423, 16427.**

Supreme Court of South Dakota.

Argued March 22, 1989.

Decided Oct. 18, 1989.

Martin G. Farrell, Sp. Asst. Atty. Gen., Pierre, for appellant, State of S.D., Dept. of Revenue; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for appellee, Estate of LeRoy H. Erdmann.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

The South Dakota Department of Revenue (Department) appeals a final order issued by the Circuit Court for Brown County on September 8, 1988. This order directed the Department to refund excess inheritance taxes paid on behalf of a minor, Krystal Erdmann (Krystal), during administration of the estate of LeRoy H. Erdmann, deceased.

The Department, by notice of appeal (No. 16423), alleges that the circuit court erred in two respects:

1) The circuit court lacked jurisdiction to consider Krystal's claim; and,

2) SDCL 15-2-22, the tolling statute for those under disabilities, including minors, is inapplicable.

By notice of review (No. 16427), Krystal asserts two alternate grounds for relief in her favor:

1) Relief was justified under SDCL 15-6-60; and,

2) SDCL 10-41-84, if not tolled by the provisions for minors in SDCL 15-2-22, violates the "open courts" provision of the South Dakota Constitution (Art. VI, § 20).

## CASE HOLDING

We reverse. The crux of this controversy is that application for inheritance tax refund was 30 days late. SDCL 10-41-84 is jurisdictional in nature and SDCL 15-2-22 has no application to these facts. As the trial court lacked jurisdiction to consider the matter, SDCL 15-6-60 is also inapplicable. We further find no conflict between Art. VI, § 20, and SDCL 10-41-84.

## FACTS

LeRoy H. Erdmann died intestate on August 11, 1983, survived by his wife, Gail, and his daughter, Krystal, aged 2. Gail was appointed administratrix of his estate. As administratrix, Gail filed an Inheritance Tax Report and Inventory in the circuit court on February 25, 1985, which indicated that the estate had a net value of $4,991,-648.48. According to this report, Krystal was to receive $2,364,677.74, subject to South Dakota estate tax of $173,600.83. The report showed an additional $420.00 in tax due on the shares of Ora Erdmann and Geneva Erdmann, who were LeRoy's parents.[1] Krystal paid her share of the tax, plus interest, on February 26, 1985. On March 11, 1985, the circuit court approved a stipulation, between estate's counsel and the Department pertaining to valuation and amount of tax due, based on data from the estate's report. The estate was later audited by the Internal Revenue Service (IRS).

During this audit, which terminated on January 4, 1988, numerous accounting errors and overvaluations of property turned up. These errors resulted in overpayments on Krystal's behalf of $19,177.33 in tax and

---

1. The taxes paid by the parents are not a subject of this appeal.

$1,860.20 in interest. (Total: $21,037.53). Gail, as Administratrix, filed a request for a refund with the Department on March 28, 1988, three years and 30 days after the tax had been paid. The Department refused to refund the overpayment because SDCL 10–41–84 provides only a three-year period for filing refund requests. The circuit court then ordered Department to make the refund, holding that SDCL 10–41–84 was a statute of limitations tolled by Krystal's minority under SDCL 15–2–22, and that sovereign immunity did not apply in this case.

### DECISION

■ This case turns on the legislature's constitutional authority under Art. III, § 27, which provides: "The Legislature shall direct by law in what manner and in what court suits may be brought against the state." Pursuant to this constitutional grant of authority, the legislature passed 1915 Sess.L. ch. 217 (S.B. 156), imposing an inheritance tax. Section 19 of this act provided for refunds of erroneously paid tax, "[p]rovided, however, that all applications for such refunding of erroneous taxes shall be made within three years from the payment thereof."

These statutory provisions correspond to SDCL 10–41–83 and 10–41–84, respectively. SDCL 10–41–83 provides, in pertinent part:

> If any inheritance tax imposed by this chapter and chapter 10–40 has been erroneously paid, wholly or in part, the person paying the tax is entitled to a refund of the amount erroneously paid.

SDCL 10–41–84 sets the time during which refunds may be applied for:

> *All applications for such refunding of erroneous taxes shall be made within three years from the payment thereof* or in cases arising under § 10–40–16 [dealing with contingent and conditional transfers], within one year after happening of the contingency whereby a refund becomes due. (emphasis supplied).

As noted above, the three-year limit for any application for refund was enacted as part of the same act (1915 Sess.L. ch. 217, § 19) in which the right to such refunds

was created. The Supreme Court of Minnesota has observed in relation to tax refunds, that where the legislature creates a right:

> [I]t has "the power to impose any restrictions it sees fit," and the conditions imposed "qualify the right and are an integral part thereof; they are conditions precedent which must be fully complied with, or the right does not exist."

*Acton Const. Co. v. Commissioner of Revenue*, 391 N.W.2d 828, 835 (Minn.1986) (quoting *State v. Bies*, 258 Minn. 139, 146, 103 N.W.2d 228, 234–5 (1960)). The legislature created the state's liability by statute, and that liability, as a statutory creation, is contingent upon meeting inherent statutory time requirements. *See, Deckert v. Burns*, 75 S.D. 229, 62 N.W.2d 879 (1954). In similar vein, we held in *Lick v. Dahl*, 285 N.W.2d 594, at 600 (S.D.1979): "The state has waived its right of sovereign immunity only to the extent provided by the express terms of these statutes." This holding was premised on S.D. Const. Art. III, § 27. As we recently noted, in *Siefkes v. Watertown Title Co.*, 437 N.W.2d 190, 193 (S.D.1989):

> This Court has consistently held that it is the exclusive province of the legislature and not the courts to abrogate or limit the doctrine of sovereign immunity. In the absence of an express statutory waiver, this Court strictly adheres to this doctrine.

Accord: *Van Emmerik v. State*, 298 N.W.2d 804, 805–7 (S.D.1980) (sales tax refund may be claimed only as legislature directs). "When the government is sued, a timeliness requirement is not procedural or remedial, but jurisdictional." 54 C.J.S. *Limitations of Actions*, § 19, p. 46 (1987). Here, application for refund was not filed within the three-year period mandated by SDCL 10–41–84. The circuit court lacked jurisdiction over the refund question and is, therefore, reversed.

The Department's second argument is that SDCL 10–41–84 is not tolled by SDCL 15–2–22. Again, we agree.

SDCL 15–2–22 provides, in pertinent part:

If a person entitled to bring an action other than for recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, was at the time the cause of action accrued,....

  (1) Within the age of minority as defined in Chapter 26–1....

the time of the person's disability is not a part of the time limited for the commencement of the action.

This statute does not apply in this case as Krystal's right to a refund never arose. The right was subject to a condition, i.e., filing an application for refund *within three years.* She did not do so. This conclusion follows from our holding in *Deckert, supra:* "The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right." *Deckert,* 75 S.D. 229, 231, 62 N.W.2d 879, 880 (1954). As in *Deckert,* we must distinguish between statutes of limitation and conditions inherent in purely statutory rights. There was no right, here, because a condition precedent to that right never occurred.[2] The real complaint, on behalf of Krystal, appears to be that the errors were discovered too late. Regrettable this might be, but it is of no legal import. As the Supreme Court of Hawaii recently held regarding wholesale use taxes overpaid by error: "No discovery tolling period applies to tax statutes." *Matter of Aloha Motors, Inc.,* 750 P.2d 81, 85 (Haw. 1988). "Refund claims based on overpayments must be filed within the prescribed time, regardless of when the error was actually found." *Id.*

Our determination of the jurisdictional issue raised by the Department is determinative of the first issue raised by the estate's notice of review (No. 16427). There was no jurisdiction regarding the matter of a refund. Therefore, SDCL 15–6–60 is irrelevant.

■ The second argument raised by Krystal is that SDCL 10–41–84, if not tolled as a statute of limitations, is unconstitutional under Article VI, § 20, of the South Dakota Constitution. Article VI, § 20, provides:

  All courts shall be open, and every man for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice, administered without denial or delay.

This constitutional provision is not apt here. There was a statutory remedy provided by the legislature which was not timely pursued. Unlike *Daugaard v. Baltic Co-op Building Supply Ass'n.,* 349 N.W.2d 419, 426 (S.D.1984), wherein we held that statutes of limitations cannot be used to abolish a right altogether, we are not now considering a statute of limitations, but a statutory condition precedent. This case and *Daugaard* are simply on a different footing. In so holding, we are cognizant that this Court, in dicta, once referred to SDCL 10–41–84 as a statute of limitations. *See, In re Estate of Wartenhorst,* 87 S.D. 538, 547, 211 N.W.2d 705, 710 (1973). *Wartenhorst,* however, did not require us to substantively analyze the nature of SDCL 10–41–84, and is, thus, not controlling in this regard. Even *Wartenhorst,* we note, expressed that the three-year limit in SDCL 10–41–84 was fair. *Id.* "[T]here must come a time when payment is final; otherwise we would make the state subject to all kinds of stale claims." *Id.*

  In summary, the circuit court is reversed because jurisdiction was lacking. Krystal, through her representatives, simply failed to follow the legal path staked out by the legislature.

  Reversed.

All the Justices concur.

---

**2.** The present case is clearly distinguishable from *State v. Piekkola,* 90 S.D. 335, 241 N.W.2d 563 (1976), which contained dicta to the effect that restitution of overpaid income taxes was not barred by sovereign immunity. In *Piekkola,* the legislature had not created and then limited a right to recovery. To the extent that *Piekkola* indicates that sovereign immunity is limited to cases of torts and contracts, we overrule it.