M.S. and C.S. as Guardians ad Litem for L.R.S., a Minor, and C.L.P. as Guardian ad Litem for K.S.D., a Minor, Plaintiffs and Appellants,

v.

DINKYTOWN DAY CARE CENTER, INC., a South Dakota Corporation, Defendant and Appellee.

No. 17556.

Supreme Court of South Dakota.

Considered on Briefs Dec. 5, 1991.

Decided May 6, 1992.

Rick Johnson of Johnson, Eklund & Abourezk, Gregory, for plaintiffs and appellants.

Charles M. Thompson of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellee.

PER CURIAM.

M.S. and C.S., guardians ad litem for minor L.R.S., and C.L.P., guardian ad litem for minor K.S.D. (collectively referred to as parents) appeal a judgment on the pleadings in favor of Dinkytown Day Care Center, Inc. (Dinkytown) in their civil action for the alleged sexual abuse of the minor children while in Dinkytown's care. We affirm.

FACTS

On October 9, 1990, parents filed a summons and complaint against Dinkytown for injuries to the minor children resulting from their alleged sexual abuse while in Dinkytown's care. Causes of action were raised on behalf of both parents and the children for breach of contract/warranty; negligence; intentional and negligent infliction of emotional distress; and, medical costs. The summons and complaint were served on October 11, 1990. Dinkytown answered and moved to dismiss on the following basis:

That [Dinkytown] was a South Dakota corporation which was dissolved on June 3, 1988. That the summons and complaint herein were served on October 11, 1990. That as a matter of law, and spe-

cifically pursuant to SDCL 47–26–39, this action is time barred, which bar is jurisdictional as a matter of law, wherefore [Dinkytown] moves to dismiss upon said grounds prior to any further answer.

Dinkytown subsequently filed a motion for judgment on the pleadings with a supporting affidavit verifying it was dissolved with the Secretary of State's issuance of a certificate of dissolution on June 3, 1988. On April 12, 1991, the trial court issued its memorandum decision finding parents' action was commenced more than two years after Dinkytown's dissolution and that it was, therefore, time barred. The trial court directed judgment on the pleadings be entered in favor of Dinkytown and judgment was so entered on April 18, 1991. Parents appeal.

## ISSUE ONE

**WHETHER THE TRIAL COURT ERRED IN GRANTING DINKYTOWN JUDGMENT ON THE PLEADINGS?**

■■■ "Judgment on the pleadings provides an expeditious remedy to test the legal sufficiency, substance, and form of the pleadings. However, it is only an appropriate remedy to resolve issues of law when there are no remaining issues of fact." *Korstad–Tebben v. Pope Architects*, 459 N.W.2d 565, 567 (S.D.1990) (citations omitted). In this instance, there is no dispute on the relevant facts.* The arguments relate solely to whether the trial court erred in finding parents' action time barred under the pertinent statutes. Legal issues involving the interpretation of statutes are subject to de novo review by this court. *See, Bryant v. Butte County*, 457 N.W.2d 467 (S.D.1990).

■■ SDCL 47–26–39 provides in pertinent part:

The dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or members, for any right or claim existing, or any liability incurred, prior to such dissolution *if action or other proceeding thereon is*

*commenced within two years after the date of such dissolution....* (emphasis added).

The trial court held because Dinkytown was dissolved on June 3, 1988, and parents did not commence their action until October 9, 1990, more than two years passed after the date of dissolution and, accordingly, parents' action was time barred by SDCL 47–26–39.

Parents argue this two year period for bringing claims against a dissolved corporation should have been tolled as to the children's claims by SDCL 15–2–22(1) which provides:

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, was at the time the cause of action accrued, either:

(1) *Within the age of minority as defined in chapter 26–1;* or

(2) Mentally ill;

the time of the person's disability is not a part of the time limited for the commencement of the action.

The period within which the action shall be brought cannot be extended more than five years by any disability except infancy, nor can it be extended in any case longer than one year after the disability ceases.

The provisions of this section do not apply to actions for the foreclosure of any real estate mortgage, either by action or by advertisement. (emphasis added).

The trial court held SDCL 47–26–39 is not a statute of limitations subject to tolling by this provision but a survival statute unaffected by the tolling requirement. We agree.

At the outset, we observe that absent the two year period for bringing claims against a dissolved corporation allowed by SDCL 47–26–39, the children's right to bring an action against Dinkytown would have abated with its dissolution. As observed by the U.S. Supreme Court in *Oklahoma Natural*

---

* We note the allegations of sexual abuse are not at issue in this appeal.

*Gas Co. v. Oklahoma,* 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634 (1927):

> It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect. It follows, therefore, that as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation pro hac vice. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being.

*Oklahoma Natural Gas Co.,* 273 U.S. at 259–60, 47 S.Ct. at 392, 71 L.Ed. at 635–36 (citations omitted). *Accord, Floerchinger v. Sioux Falls Gas Co.,* 68 S.D. 543, 5 N.W.2d 55 (1942).

It follows that:

> [i]n the absence of statutory provisions to the contrary no action at law can be maintained by or against [a dissolved corporation] as a corporate body or in its corporate name. *See,* 16A Fletcher, Cyclopedia Corporations (Perm.Ed.), s. 8142, p. 312; *Peoria Engraving Co. v. Streator Cold Storage Door Co.,* 221 Iowa 690, 266 N.W. 548; *Garrett v. Pilgrim Mines Co.,* 47 Idaho 595, 277 P. 567; *Meramec Spring Park Co. v. Gibson,* 268 Mo. 394, 188 S.W. 179; *Pendleton v. Russell,* 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574.

*Christensen v. Boss,* 179 Neb. 429, 138 N.W.2d 716, 720 (1965).

Statutes such as SDCL 47–26–39 which continue the existence of dissolved corporations for a fixed time for purposes of defending and prosecuting suits are generally viewed as survival statutes and not statutes of limitation. *See, e.g., Licht v. Association Services, Inc.,* 236 Neb. 616, 463 N.W.2d 566 (1990); *Van Pelt v. Greathouse,* 219 Neb. 478, 364 N.W.2d 14 (1985); *Bazan v. Kux Machine Company,* 52 Wis.2d 325, 190 N.W.2d 521 (1971). Thus, in *Davis v. St. Paul Fire & Marine Ins. Co.,* 727 F.Supp. 549 (D.S.D.1989), the District Court viewed SDCL 47–7–50 as a survival statute rather than a statute of limitations. SDCL 47–7–50, like SDCL 47–26–39, extends the life of corporations for two years after dissolution for purposes of suing and being sued. SDCL 47–7–50 merely applies to business corporations while SDCL 47–26–39 applies to nonprofit corporations. Thus, there is substantial support for the trial court's determination that SDCL 47–26–39 is a survival statute and not a statute of limitations.

The distinction between a survival statute and a statute of limitations,

> is that a statute of limitations affects the time that a stale claim may be brought *while a survival statute gives life for a limited time to a right or claim that would have been destroyed entirely but for the statute.* These survival statutes arbitrarily extend the life of the corporation to allow remedies connected with the corporation's existence to be asserted.

*Davis,* 727 F.Supp. at 551 (citations omitted) (emphasis added). The fact a survival statute essentially creates a right or claim that would not exist but for the statute is key to this court's determination of whether the minority tolling provision in SDCL 15–2–22(1) is applicable to the corporate survival period established by SDCL 47–26–39.

In *Matter of Estate of Erdmann,* 447 N.W.2d 356 (S.D.1989), this court was confronted with the issue of whether SDCL 15–2–22(1) tolled a statutory three year time limit for applying for a refund of overpaid inheritance taxes. Holding the tolling provision inapplicable, we observed

that where the legislature creates a right, "[I]t has 'the power to impose any restrictions it sees fit,' and the conditions imposed 'qualify the right and are an integral part thereof; *they are conditions precedent* which must be fully complied with, or the right does not exist.'" *Erdmann,* 447 N.W.2d at 358 (emphasis added) (*quoting Acton Const. Co. v. Commissioner of Revenue,* 391 N.W.2d 828, 835 (Minn.1986)). From this foundation, we concluded:

> [The minority tolling provision] does not apply in this case as [the applicant's] right to a refund never arose. The right was subject to a condition, i.e., filing an application for a refund *within three years.* She did not do so. This conclusion follows from our holding in [*Deckert v. Burns,* 75 S.D. 229, 231, 62 N.W.2d 879, 880 (1954)]: "The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right." As in *Deckert,* we must distinguish between statutes of limitation and conditions inherent in purely statutory rights. There was no right, here, because a condition precedent to that right never occurred.

*Erdmann,* 447 N.W.2d at 359 (emphasis original) (citations and footnote omitted).

■ As in *Erdmann,* the right at issue in this case, *i.e.,* the children's right to recover from Dinkytown, was purely statutory. As previously discussed, absent the corporate survival period in SDCL 47–26–39, the children's right to recover would have been extinguished with Dinkytown's dissolution. It was only because of SDCL 47–26–39 that the children's right to recover was extended after the date of dissolution. Despite this extension, the children's right to recover after dissolution never arose. The right was subject to a condition, i.e., commencement of an action within two years of the date of dissolution. This the children and parents did not do and, therefore, a condition precedent to the children's right to recover never occurred. It follows that, as in *Erdmann,* the minority tolling provision of SDCL 15–2–22(1) does not apply in this case. The two year period for bringing claims provided for in SDCL 47–26–39 is not a statute of limita-

tions subject to tolling by SDCL 15–2–22(1) but a condition precedent to the right to recover damages from a dissolved corporation.

This analysis is consistent with that relied upon in a variety of other cases holding minority tolling provisions like SDCL 15–2–22(1) inapplicable to statutory rights of recovery predicted on meeting certain time limits. *See, e.g., Boatman v. Dawkins,* 294 Ark. 421, 743 S.W.2d 800 (1988) (minority tolling provision inapplicable to statute requiring illegitimate child to file claim for share of father's estate within 180 days of death of putative father); *Whittington v. State,* 72 Haw. 77, 806 P.2d 957 (1991) (minority tolling provision inapplicable to two year limitation period for filing actions against state); *Demchuk v. Duplancich,* 92 Ill.2d 1, 64 Ill.Dec. 560, 440 N.E.2d 112 (1982) (minority tolling provision inapplicable to one year limitation in Dramshop Act); *Harden v. State,* 434 N.W.2d 881 (Ia.1989) (minority tolling provision inapplicable to statute of limitations for actions against state).

A result contrary to the above was reached by the appellate court of Illinois in *Moore v. Nick's Finer Foods, Inc.,* 121 Ill.App.3d 923, 77 Ill.Dec. 364, 460 N.E.2d 420 (Ill.App.Ct.1984). In *Moore* it was held that a minor could bring a common law cause of action against a dissolved corporation more than two years after its dissolution if the action was brought within two years of the minor's reaching the age of majority. The trial court had dismissed Moore's action against a dissolved corporation under a two year survival statute similar to SDCL 47–26–39. On appeal, it was argued the two year survival statute should have been tolled under a minority tolling provision similar to SDCL 15–2–22(1). Citing a series of cases in which Illinois courts had recognized a minor should not be precluded from enforcing its rights unless clearly debarred from doing so, the Illinois Court reversed the dismissal of the action.

Despite the fact *Moore* is highly analogous to the present case, its result is clearly at odds with this court's analysis in

*Erdmann, supra,* and the series of cases cited above. *Moore* also appears to conflict with the decision of the Illinois Supreme Court in *Demchuk, supra,* which held a one year time limit for dramshop actions untolled by the Illinois minority tolling provision. Although the *Moore* court distinguished *Demchuk* on the basis that a common law cause of action was involved in *Moore,* it failed to reconcile that reasoning with the rule that, at common law, the power of a corporation to sue and be sued is extinguished with its dissolution, a rule clearly recognized by the Illinois courts. *See,* e.g., *Vance v. North American Asbestos Corp.,* 203 Ill.App.3d 565, 149 Ill.Dec. 1, 561 N.E.2d 279 (Ill.App.Ct.1990). Moreover, the Illinois Appellate Court has subsequently identified the distinguishing feature of *Moore* as the existence of liability insurance to cover the claim of the minor and thereby avoid a suit's disruption of corporation dissolution proceedings. *Id.* However, even the Illinois Court has refused to recognize a rule that the time limits of a corporate survival statute should be disregarded in all cases where unexhausted liability policies covering the dissolved corporation are still in existence. *Id.*

Based upon the above review, we find the holding of *Moore* anomalous and that application of this court's analysis in *Erdmann* represents a sounder and more consistent legal path. Relying on *Erdmann,* we hold there was no error by the trial court in failing to apply SDCL 15–2–22(1) in this case and in granting Dinkytown judgment on the pleadings.

ISSUE TWO

WHETHER APPLICATION OF THE TWO YEAR SURVIVAL PERIOD FOR CORPORATIONS PRESCRIBED BY SDCL 47–26–39 VIOLATES THE CHILDREN'S CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAW?

Parents also raise a vague argument that application of the corporate survival provision in SDCL 47–26–39 in this case violates the children's rights to equal protection of the law. However, in *Sharp v. Sharp,* 422 N.W.2d 443, 445 (S.D.1988) we stated:

We refuse to consider the constitutional question at this time. The issue was not brought before the trial court but is raised for the first time on appeal. Moreover, the attorney general was not notified of the pendency of the action as required by statute.

We have consistently held that the constitutionality of a statute cannot be raised for the first time on appeal. For an appellate court to consider an issue and make a decision on an incomplete record on questions raised before it for the first time would, in many instances, result in injustice, and for that reason courts ordinarily decline to review questions raised for the first time in the appellate court. (citations omitted).

Given the similar status of the record in the instant case, we likewise decline consideration of the constitutional question at this time.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.