**CAPITOL INDEMNITY CORPORATION, Plaintiff/Appellee,**

v.

**M.S., Individually and as Guardian Ad Litem for L.R.S., a minor, C.S., Individually and as Guardian Ad Litem for L.R.S., a minor, C.L.P., Individually and as Guardian Ad Litem for K.S.D., a minor, Defendants/Appellants,**

v.

**DINKYTOWN DAY CARE CENTER, INC., also known as Dinkytown Child Care Home, Inc., Kenneth A. Black, Joan Haffield, Ruby Reckling, Jack Bailey, and Arlyn Feyereisen, Defendants.**

No. 92–1077.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Feb. 1, 1993.

Stephanie E. Pochop, Gregory, SD, argued (Rick Johnson, on brief), for appellants.

Gregory G. Strommen, Rapid City, SD, argued (Gene R. Bushnell, on brief), for appellee.

---

**8.** In this case, resolution of the conflicts in the record prior to Jackson's death would have been helpful.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Appellants are parents of children who were molested while under the care of Dinkytown Day Care Center, Inc. (Dinkytown). The parents sued Dinkytown in South Dakota state court, alleging liability based on negligence and other theories. Dinkytown was insured by Appellee, Capitol Indemnity Corporation (Capitol). After the parents initiated their suit against Dinkytown, Capitol filed this case, seeking a declaratory judgment that, because of a policy exclusion, it had no duty to defend or indemnify the insured parties, Dinkytown and its directors. The federal district court, which had jurisdiction based upon diversity of citizenship, granted Capitol's summary judgment motion, and the parents appealed.

Before this appeal was fully submitted, however, the South Dakota Supreme Court dismissed the parents' underlying suit because it was time barred by a state survival statute requiring that a suit against a dissolved corporation be brought within two years of its dissolution. *See M.S. v. Dinkytown Day Care Center, Inc.*, 485 N.W.2d 587 (S.D.1992); S.D.C.L. § 47–26–39. Based on the dismissal of the state court action, Capitol moved for dismissal of this appeal, asserting that no actual or justiciable case or controversy remains before this court.

## I.

■ Whether Capitol must defend the parents' suit against Dinkytown is now a moot issue because of the dismissal of the parents' state court action. *See, e.g., Bishop v. Committee on Professional Ethics and Conduct of Iowa State Bar Ass'n*, 686 F.2d 1278, 1284–85, n. 13 (8th Cir.1982). Accordingly, we vacate the judgment below and remand to the district court and order

it to dismiss this action as against Dinkytown. *See United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

## II.

■ We cannot similarly dismiss this action as against Dinkytown's directors because they were not parties to the underlying suit. The Supreme Court of South Dakota, however, has determined that the corporate entity, Dinkytown Day Care Center, Inc., was dissolved on June 3, 1988. *M.S. v. Dinkytown Day Care Center, Inc.*, 485 N.W.2d at 588. The relevant South Dakota survival statute provides that

[t]he dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or members, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceedings thereon is commenced within two years after the date of such dissolution.

S.D.C.L. § 47–26–39. Applying this law, we dismiss this action as against the insured directors. As with a suit against a defunct corporation, a suit against the corporate directors must be brought within two years of the dissolution of the corporation. Because the Dinkytown corporation was dissolved on June 3, 1988, any suit against its directors filed after June 3, 1990, is time barred. The deadline for filing an action against the directors has passed, and we therefore need not address whether Capitol would have to defend or indemnify them in the event of a suit. Accordingly, with regard to the directors, we affirm the district court's dismissal of the action.

## III.

As against Dinkytown and the parents, we vacate and remand to the district court and order dismissal of the action because it is moot. As against Dinkytown directors,

* The Honorable DANIEL M. FRIEDMAN, Senior Circuit Judge for the Federal Circuit, sitting by designation.

we affirm the district court's dismissal of the action.